### COLLINS, Plaintiff-Appellant, v. JORDAN et, Defendants-Appellees.

Ohio Appeals, Second District, Miami County.

No. 468.  Decided June 13, 1952.

254

McKeever & Monahan, Wapakoneta, for plaintiff-appellant.
James H. DeWeese, Piqua, for defendants-appellees.

## OPINION

By THE COURT:

This matter comes on to be heard on a motion filed by defendants-appellees to affirm the judgment of the trial court for the reason that the assignments of error filed by the plaintiff-appellant cannot be considered or determined in the absence of a bill of exceptions, and that no bill of exceptions has been filed.

The errors assigned are: That the court erred in overruling motion for new trial; that the judgment is contrary to the evidence; that the judgment is contrary to law.

Obviously, a bill of exceptions would be required in the consideration of the first two errors assigned. However, a bill of exceptions would not be required in the consideration of the third error assigned, to-wit: That the judgment is contrary to law, for the reason that in the judgment entry a legal question is raised. Plaintiff-appellant is not required to present a bill of exceptions to raise any questions which appear upon the face of the record. **Sec. 11564 GC.**

Accordingly, the motion to affirm the judgment on the ground that no bill of exceptions has been filed will be overruled.

This matter also comes on to be heard on a motion filed by the defendants-appellees to dismiss the appeal and/or affirm the judgment on two grounds: That the order appealed from is not a final order; that the notice of appeal was not filed within the time required by law.

The notice of appeal designates the order appealed from as being the judgment filed March 7, 1952. The entry filed March 7, 1952 was not a judgment but merely an order of the court overruling a motion for new trial. An order overruling a motion for new trial is not a final order from which an appeal may be taken. **Vol. 2 O. Jur. Pt. 1, P. 204.** However, the notice of appeal is from the judgment of the court. This Court may in the exercise of a broad discretion permit an amendment of the notice of appeal by inserting the correct date of the judgment, which was August 27, 1951. In order to save the appeal, however, the notice of appeal would be required to be given within twenty days after the judgment was journalized. It is obvious that a notice of appeal filed March 27, 1952, directed to a judgment filed August 27, 1951 was not filed within the time required by law.

A motion for new trial was filed in this case and ordinarily a motion for new trial will toll the statute, but the motion for new trial must be seasonably and properly filed. True the notice of appeal in this case was given within twenty days

after the entry was filed overruling the motion for new trial. But we come now to consider whether or not the motion for new trial tolled the statute. The record in this case shows that the court first entered judgment on June 3, 1950. On December 5, 1950 an entry was filed vacating the judgment with the consent of the plaintiff, and the cause was assigned for further hearing. It appears that a further hearing took place and that the decision of the court was filed on August 2, 1951 and a supplemental decision on August 9, 1951. The motion for new trial was filed August 18, 1951, which was before judgment was finally entered. The judgment was entered on August 27, 1951. Accordingly, the record shows that the motion for new trial was prematurely filed inasmuch as it was not filed after judgment was rendered. Secs. 11576 and 11578 GC as amended October 11, 1945. The motion for new trial in legal effect was overruled when judgment was entered. See **Raykovick v. Youngstown, 50 Abs 363, 367; 79 N. E. 2d. 242.** Consequently, the motion for new trial did not toll the statute as it was not directed to the judgment. The time within which notice of appeal was required to be filed ran from the date of the judgment and had long since expired at the time the notice of appeal was filed.

The second motion under consideration will be sustained in both of its branches and the appeal will be dismissed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

## ON APPLICATION FOR REHEARING

No. 468.   Decided July 28, 1952.

### OPINION

By THE COURT:
Application for rehearing is hereby denied.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.