**ESTATE of Lyla C. CURRY, Robert L. Curry, Executor, Plaintiff-Appellee,**

v.

**UNITED STATES of America, Defendant-Appellant.**

**No. 18685.**

United States Court of Appeals
Sixth Circuit.

April 11, 1969.

**672**

Benjamin E. Parker, Atty., Dept. of Justice, Washington, D. C., for appellant; Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., on brief; Merle M. McCurdy, U. S. Atty., Carl H. Miller, Asst. U. S. Atty., Cleveland, Ohio, of counsel.

Martin J. Welsh, Cleveland, Ohio, for appellee as of record.

Before PHILLIPS, ·PECK and COMBS, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an action for refund of federal estate taxes, involving jointly owned United States Series E savings bonds. The bonds originally were issued in the name of John F. Curry and wife, Lyla C. Curry. Upon the death of her husband, Mrs. Curry cashed some of the bonds and had 103 others, totaling $19,-939.20, reissued in the joint names of herself or Robert L. Curry, her nephew. She then manually delivered these bonds to her nephew. The nephew alleges that this delivery constituted a completed gift under State law. Except for the reissuance in the joint names of decedent or her nephew following the death of her husband, none of these 103 bonds was cashed, cancelled, retired, reissued or re-registered at any time before the death of Mrs. Curry, the decedent.

At the death of Mrs. Curry the nephew, who was the executor of her estate, did not include these bonds in the estate for federal estate tax purposes. The nephew claims that because the decedent during her lifetime made a valid gift to him of her entire interest in the bonds, they should not be considered a part of her estate for tax purposes. No federal gift tax return was filed by the decedent reporting any gift of the bonds to her nephew.

The United States assessed a deficiency of $3,674.24, plus interest against the estate of the decedent. The executor paid the deficiency and filed a claim for refund which was disallowed. He then initiated this action for recovery upon the ground that under Ohio law the decedent had made a valid gift inter vivos to him in his individual capacity of her interest in the bonds. The District Court denied the Government's motion for summary judgment and thereafter entered judgment in favor of the taxpayer, relying upon Silverman v. McGinnes, 259 F.2d 731 (3d Cir.). On this appeal the United States contends that since the bonds were registered in the names of both the decedent and her nephew at the time of her death and since the decedent provided all the consideration for the bonds, they were taxable to the estate of the decedent under 26 U.S.C. § 2040.[1]

We respectfully decline to follow the decision in Silverman v. McGinnes, supra, and reverse the judgment of the District Court.

The bonds in question were issued pursuant to the Second Liberty Bond

---

1. "§ 2040. Joint interest

"The value of the gross estate shall include the value of all property to the extent of the interest therein held as joint tenants by the decedent and any other person, * * * except such part thereof as may be shown to have originally belonged to such other person * * *."

Act. This statute authorized the issuance of savings bonds subject to "any restrictions on their transfer, as the Secretary of the Treasury may from time to time prescribe." 31 U.S.C. § 757c(a). The Treasury Regulations (Appendix A) provide that the bonds cannot be transferred but can be surrendered and reissued.

Secretary of the Treasury Morgenthau testified before the Senate Finance Committee that the bonds to be issued under the proposed Act would be non-transferrable.[2]

█ In passing upon the question of whether title to these bonds could be transferred by manual delivery to the donee as a gift inter vivos, without surrender of the bonds and reissuance in the sole name of the donee, it is of controlling importance to determine the nature of the ownership created in Series E bonds and whether federal or State law controls. In 1953 this Court held in Guldager v. United States, 204 F.2d 487 (6th Cir.) that an estate created by Series E bonds registered in a co-ownership form did not come into existence under the law of the State where the owners resided but was created by federal contract and controlled by federal law. In ruling that Series E bonds issued jointly to a husband and wife residing in Michigan were not controlled by Michigan law relating to tenancy by the entireties, Chief Judge Simons said:

"Under the provisions of the Constitution, Congress has the power to borrow money on the credit of the United States and to make all laws which shall be necessary and proper for carrying this power into execution, Art. 1, Section VIII. The bonds involved are bonds of the federal government. The estate by them created is not an estate that comes into existence under the laws of Michigan but is created by federal contract and subject to federal law. As said in Harvey v. Rackliffe, 141 Me. 169, 41

A.2d 455, 161 A.L.R. 296, cited and quoted with approval in Parkinson v. Wood, 320 Mich. 143, 148, 30 N.W.2d 813, 814 'The capacity of the Federal government to borrow money depends on the inviolability of its obligation, on its ability to carry it out strictly in accordance with its terms. * * * Because of the supremacy of Federal law a state rule has no application to this contract.'" 204 F.2d 489.

The Courts of last resort in many States, including three States in the Sixth Circuit, have held that title to Series E bonds cannot be transferred by gift inter vivos except by re-registration in the name of the donee as provided by the Treasury Regulations.

In Brown v. Vinson, 188 Tenn. 120, 216 S.W.2d 748, the Supreme Court of Tennessee held that an attempted transfer of Series E bonds by gift inter vivos was ineffective. The Court quoted with approval the following language from Ruben v. Ruben, 95 Pittsb.L.J. (Pa.) 65, as cited in 173 A.L.R. 550 (1948):

"That there should be one law regulating United States savings bonds is a matter of necessity, and this must be the law of the Federal government which issues the bonds." 188 Tenn. at 125, 216 S.W.2d at 750.

The Supreme Court of Tennessee proceeded to say:

"While there is a division of authority as to whether a gift *inter vivos* of United States War Savings Bonds Series E is effective by physical delivery, the weight of authority seems to be that such a gift by delivery only with appropriate words indicating an intention to give, but without registration, etc., in the name of the donee, is not effective, since it is in violation of the regulations and provisions under which these bonds were issued. We are in accord with this view on principle. It seems to us that to hold otherwise would be to ignore the regulations which are

2. Hearing on H.R. 4304 before Senate Finance Committee, 74th Cong., 1st Sess., 17.

a part of the law under which they were issued, and would hinder the accomplishment of the purposes intended by those regulations and lead to confusion as to the disposition of the great amount of these bonds issued in every one of our states."

In *Moore's Adm'r. v. Marshall*, 302 Ky. 729, 196 S.W.2d 369, 168 A.L.R. 241, the Kentucky Court of Appeals held that United States Savings Bonds Series D, are not transferable by gift inter vivos. The Court said:

"A holding that these United States Savings Bonds are transferable by gift inter vivos would defeat the purposes of the Act of Congress and the Treasury regulations, and would open the door for evasion of plainly expressed restrictions on transfer. Each of these bonds, together with the Act and Treasury regulations, constitute a valid and binding contract determining the rights of the parties therein, and the regulations have the force and effect of law and are to be read into the contract between the purchaser of the bonds and the United States Government." 302 Ky. at 734–735, 196 S.W.2d 369, 372.

Ohio Courts have held to the same effect. See Collins v. Jordan, Ohio Com. Pl., 65 Ohio L. Abst. 242, 110 N.E.2d 825, appeals dismissed 65 Ohio L. Abst. 253, 113 N.E.2d 911.

Although decisions from other States are divided, the majority rule appears to be that savings bonds cannot be the subject of a gift inter vivos because the Treasury Regulations governing their issuance prohibit their transfer. See Annotations, 40 A.L.R.2d 788, 793; 39 A.L.R.2d 698; 173 A.L.R. 550; and 168 A.L.R. 245.

The decedent was familiar with the procedure for reissuing and re-registering bonds. After the death of her husband, 103 of the bonds previously issued in their joint names were reissued in the names of the surviving widow and her nephew. The Treasury Regulations prescribe the only procedure by which the decedent could have made a valid gift inter vivos of the bonds to her nephew; she could have surrendered the jointly held bonds and had them reissued in the name of the nephew alone. This was not done.

■ At the death of the decedent the bonds remained in the name of the decedent or her nephew. At any time during her lifetime, decedent could have cashed the bonds. All of the bonds originally were owned by her. It is not contended that any of the bonds were purchased with money belonging to the nephew.

We therefore hold that the bonds were subject to federal estate taxes as a part of the taxable estate of the decedent under 26 U.S.C. § 2040 (n. 1, *supra*).

Relying upon Silverman v. McGinnes, *supra*, 259 F.2d 731 (3d Cir.), the District Court overruled the Government's motion for summary judgment on the ground that an issue of fact existed as to whether a valid gift inter vivos was accomplished. Thereafter, by agreement of the parties and without hearing evidence on the gift inter vivos issue, a final judgment was entered in favor of the taxpayer and against the United States.[3] We disagree with the reasoning and conclusion in Silverman v. McGinnes, *supra*, and decline to follow it.

We reaffirm the holding of this Court in Guldager v. United States, *supra*, 204 F.2d 487, that an estate created in Series E bonds is a matter of contract between the United States and the purchaser of the bonds. The bonds are nontransferable. A valid gift inter vivos cannot be accomplished by manual delivery to a donee unless the bonds also are surrendered and reissued in the name of the donee in accordance with the Treasury Regulations (Appendix A). Ohio law governing gifts inter vivos

---

3. In the District Court an ancillary question was presented as to whether the gift of the bonds, if otherwise valid, was made in contemplation of death. That issue was settled by stipulation of the parties and is not presented on this appeal.

has no application in the present case. Federal law is controlling and the bonds cannot be transferred in any manner except as authorized by the Treasury Regulations.

Reversed and dismissed.

## APPENDIX A

## APPLICABLE TREASURY REGULATIONS RELATING TO UNITED STATES SAVINGS BONDS

TREASURY DEPARTMENT

OFFICE OF THE SECRETARY

Washington, December 26, 1957 [4]

Department Circular No. 530—Eighth Revision

Fiscal Service—Bureau of the Public Debt

TO OWNERS OF UNITED STATES SAVINGS BONDS AND OTHERS CONCERNED:

Pursuant to Section 22 of the Second Liberty Bond Act, as amended (49 Stat. 21, as amended; 31 U.S.C. § 757c), Department Circular No. 530, Seventh Region, dated May 21, 1952 (31 CFR 315), as amended, is hereby further amended and issued as an Eighth Revision effective January 1, 1958, to read as follows:

### SUBPART A—GENERAL INFORMATION

Sec. 315.0. Applicability of regulations.—These regulations apply generally to all United States Savings Bonds of all series of whatever designation, bearing any issue dates whatever, expect (sic) as otherwise specifically provided herein.

Sec. 315.1. Official agencies.—The Bureau of the Public Debt of the Treasury Department is charged with matters relating to United States Savings Bonds.

\* \* \* \* \* \* \*

### SUBPART B—REGISTRATION

Sec. 315.5. General.—United States Savings Bonds are issued only in registered form. The form of registration used must express the actual ownership of and interest in the bond and, except as otherwise specifically provided in Subpart E and Sec. 315.48 of Subpart I of these regulations, will be considered as conclusive of such ownership and interest. No designation of an attorney, agent, or other representative to request or receive payment on behalf of the owner or a coowner, nor any restriction on the right of the owner or a coowner to receive payment of the bond or interest, other than as provided in these regulations, may be made in the registration or otherwise. In order to avoid difficulty when redemption or reissue is requested or in collecting interest on current income bonds, and for the protection of the persons intended to be designated as owners, coowners, or beneficiaries, it is very important that requests for registration be clear, accurate and complete, that the registration conform with one of the forms set forth in this subpart, and that the registration of all securities owned by the same person, organization or fiduciary estate be uniform. \* \* \*

\* \* \* \* \* \*

Sec. 315.7. Authorized forms of registration.—Subject to any limitations or restrictions contained in these regulations on the right of any person to be named as owner, coowner, or beneficiary, savings bonds may be registered in the following forms:

(a) *Natural persons*.—In the names of natural persons in their own right.

(1) *Single owner*.—Example: "John A. Jones."

(2) *Coownership form—two persons (only)*.—In the alternative as coowners. Example: "John A. Jones or Mrs. Ella S. Jones."

No other form of registration establishing coownership is authorized.

\* \* \* \* \* . \*

4. These regulations were revised December 30, 1964. The revised regulations appear at 31 C.F.R. 315.

**676**

Subpart E—Limitation on Judicial Proceedings—No Stoppage or Caveats Permitted

Sec. 315.20. General.—No judicial determination will be recognized which would give effect to an attempted voluntary transfer inter vivos of a bond or would defeat or impair the rights of survivorship conferred by these regulations upon a surviving co-owner or beneficiary, and all other provisions of this subpart are subject to this restriction.

\* \* \* \* \* \*

Subpart L—Two Natural Persons as Coowners

Sec. 315.60. During the lives of both coowners.—A savings bond registered in coownership form, for example, "John A. Jones or Mrs. Mary C. Jones," will be paid or reissued during the lives of both, as follows:

(a) *Payment.*—The bond will be paid to either upon his separate request, and upon payment to him the other shall cease to have any interest in the bond. If both request payment jointly, payment will be made by check drawn to their order jointly, for example, "John A. Jones AND Mrs. Mary C. Jones."

(b) *Reissue.*—The bond may be reissued upon the request of both if presented and surrendered during the lifetime of both, as follows:

(1) In the name of either, alone or with a new coowner or beneficiary:

(i) if the coowner whose name is to remain on the bond and the co-owner whose name is to be eliminated are related to each other as:

husband and wife; parent and child (including stepchild); brother and sister (including the half blood, stepbrother and stepsister, and brother and sister through adoption); grandparent and grandchild; great grandparent and great grandchild; uncle or aunt and nephew or niece, including as nephew or niece the children of a brother or sister of the present spouse; granduncle or grandaunt and grandniece or grandnephew;

mother-in-law or father-in-law and daughter-in-law or son-in-law; sister-in-law or brother-in-law;

\* \* \* \* \* \*

Sec. 315.61. After the death of one or both coowners.—If either coowner dies without the bond having been presented and surrendered for payment or authorized reissue, the survivor will be recognized as the sole and absolute owner. Thereafter, payment or reissue will be made as though the bond were registered in the name of the survivor alone (see Subpart K), except that a request for reissue by him must be supported by proof of death or the other coowner, and except further that after the death of the survivor proof of death of both coowners and of the order in which they died will be required. The presentation and surrender of a bond by one coowner for payment establishes his right to receive the proceeds of the bond, \* \* \*.