478 P.2d 508

**Boyd L. O'DELL, Plaintiff-Appellant,**

v.

**Grace E. GARRETT, individually and as Executrix of the Estate of James M. McCallister, Deceased, and Velma Bommelaere, and Citizens State Bank of Springer, New Mexico, Defendants-Appellees.**

No. 557.

Court of Appeals of New Mexico.
Nov. 20, 1970.

Certiorari Denied Dec. 23, 1970.

Joseph D. Beaty, Albuquerque, for plaintiff-appellant.

W. R. Kegel, Kegel & McCulloh, Santiago E. Campos, Santa Fe, Daniel W. Caldwell, Springer, for defendants-appellees.

OPINION

SPIESS, Chief Judge.

This action was brought by Boyd L. O'Dell, appellant, in conversion against Grace E. Garrett, individually, and as Executrix of the Estate of James M. McCallister, Deceased, Velma Bommelaere, and Citizens State Bank of Springer, New Mexico.

Involved were a number of United States Savings Bonds, Series "H", which appellant claimed to own as a result of a gift (inter vivos) made to him by James M. McCallister during his lifetime, and which allegedly were converted by defendants (appellees).

The trial court entered orders dismissing the complaint, with prejudice, against Grace E. Garrett, individually, and the Citizens State Bank of Springer, and later it entered summary judgment in favor of Grace E. Garrett as Executrix of the Estate of James M. McCallister, Deceased, and Velma Bommelaere. The appeal is from the orders of dismissal and the summary judgment. We affirm.

Relevant and undisputed facts disclose that appellant received a letter from James M. McCallister, signed by him and addressed to the Citizens State Bank of Springer, New Mexico. Material portions of the letter are:

"Please open my safety deposit box No. 33 for which the bearer, Boyd Odell, has the key, and in the presence of an officer of your bank, assist him to remove the "H" Bonds that are in the names of J. M. McCallister or Sadie M. Odell.

"These bonds are a gift to Boyd Odell in appreciation of his forty-eight years of love and care of my daughter, Sadie."

Appellant delivered the letter to an officer of the bank and requested that he be permitted access to the safety deposit box for the purpose of removing the bonds. The request was denied by the bank and the bonds remained in the box. Thereafter, James M. McCallister, accompanied by

appellees Velma Bommelaere and Grace E. Garrett withdrew the bonds, cashed them and deposited proceeds to bank accounts in the names of James M. McCallister or Mrs. Grace Garrett. It is appellant's position:

"* * * that a valid inter vivos gift of the Series H United States savings bonds had been made by J. M. Mc-Callister, deceased, and thereafter any interference of any nature with the bonds and with appellant's possession and/or use of the bonds would have been wrongful as against the Plaintiff and would have amounted to conversion of personal property."

A number of issues were presented. However, the decisive question is whether these United States Savings Bonds could be the subject of a gift inter vivos.

Bonds of the kind involved were issued pursuant to Congressional authority. 31 U.S.C. § 757c(c) authorizes the Secretary of the Treasury to issue such bonds. 31 U.S.C. § 757c(a) provides:

"The various issues and series of the savings bonds and the savings certificates shall be in such forms, shall be offered in such amounts, subject to the limitation imposed by section 757b of this title, and shall be issued in such manner and subject to such terms and conditions consistent with subsections (b)–(d) of this section, and including any restrictions on their transfer, as the Secretary of the Treasury may from time to time prescribe."

The Treasury Regulations provide that bonds cannot be transferred but can be surrendered and re-issued. Estate of Curry v. United States, 409 F.2d 671 (6th Cir. 1969). See regulations appearing as an appendix to the opinion in *Estate of Curry*. Further, 31 C.F.R. § 315.15, provides, in part:

"Savings bonds are not transferable and are payable only to the owners named thereon, except as specifically provided in these regulations, and then only in the manner and to the extent so provided."

These regulations are accorded the force of law. Yiatchos v. Yiatchos, 376 U.S. 306, 84 S.Ct. 742, 11 L.Ed.2d 724 (1964).

It is our conclusion that the bonds of the kind involved could not be the subject of a gift inter vivos. This conclusion, in our view, is supported by the weight of authority. c. f. Annot. 40 A.L.R.2d 788 (1955).

In Estate of Curry v. United States, *supra*, the court, in considering a claimed gift inter vivos of United States savings bonds, which were of a kind subject to the same regulations as those involved here, said:

"In passing upon the question of whether title to these bonds could be transferred by manual delivery to the donee as a gift inter vivos, without surrender of the bonds and reissuance in the sole name of the donee, it is of controlling importance to determine the nature of the ownership created in Series E bonds and whether federal or State law controls. In 1953 this Court held in Guldager v. United States, 204 F.2d 487 (6th Cir.) that an estate created by Series E bonds registered in a co-ownership form did not come into existence under the law of the State where the owners resided but was created by federal contract and controlled by federal law."

In conclusion, the Court further said:

"We reaffirm the holding of this Court in Guldager v. United States, supra, 204 F.2d 487, that an estate created in Series E bonds is a matter of contract between the United States and the purchaser of the bonds. The bonds are non-transferable. A valid gift inter vivos cannot be accomplished by manual delivery to a donee unless the bonds also are surrendered and reissued in the name of the donee in accordance with the Treasury Regulations * * *."

In concluding that the bonds could not be the subject of a gift inter vivos, we have not overlooked cases which have upheld such gifts notwithstanding the prohi-

bition against transfer. See Annot. 40 A. L.R.2d 788 (1955).

 It follows that since neither title, nor right to possession of the bonds were in appellant, his action in conversion was not maintainable. Wray v. Pennington, 62 N.M. 203, 307 P.2d 536 (1957).

The action of the trial court in entering the orders of dismissal and the summary judgment is affirmed.

It is so ordered.

OMAN and WOOD, JJ., concur.