Richard S. **DUMBRILL**, Executor of the Estate of Edward C. Dixon, Deceased, **Plaintiff**,

v.

**UNITED STATES of America,** **Defendant.**

Civ. No. 5743.

United States District Court, D. Wyoming.

March 2, 1973.

Jones & Dumbrill, of Newcastle, Wyo., for plaintiff.

Richard V. Thomas, U. S. Atty., D. Wyo., Cheyenne, Wyo., and Michael D. Howard, Trial Atty., Tax Div., Refund Trial Section No. 3, Dept. of Justice, Washington, D. C., for defendant.

*Judge's Memorandum*

KERR, District Judge.

This action arises upon a suit brought by Richard S. Dumbrill, Executor of the Estate of Edward C. Dixon, deceased, seeking the recovery of estate taxes in the amount of $5,808.34 from the United States. Jurisdiction is predicated upon 28 U.S.C. § 1346(a).

The facts involved in this action were agreed upon by the parties, as evidenced by the stipulation on file herein. The taxpayer filed an estate tax return with the Internal Revenue Service, hereinafter referred to as the I.R.S., on April 15, 1970, and paid the sum of $105,024.00. However, the I.R.S. later returned $12,041.50, plus interest, to taxpayer due to an arithmetic error, thereby making the total payment for estate taxes $92,982.50.

On August 30, 1971, the I.R.S. notified taxpayer of a tax deficiency, claiming United States "Series E" Savings Bonds worth $15,396.00 were to be included in decedent's gross estate. Taxpayer paid the tax thereon under protest and now contends the bonds should not be treated as part of decedent's gross estate.

All of the bonds in question were made out to Edward C. Dixon as owner and Elmore E. Dixon, decedent's son, as beneficiary. The face of the bonds contained a statement that they were ". . . subject to the terms and conditions stated on the back hereof". The statement "not transferable" is also found on the face of the bonds conspicuously printed in large capital letters.

On the back of the bonds appears the language that "This bond is issued pursuant to Treasury Department Circular No. 653, fifth revision, and is subject to the terms and conditions thereof and the regulations prescribed thereunder as fully as if herein set forth. . . . This bond is not transferable and, except as provided in said regulations, it is payable only to the registered owner".

During the years 1957 through 1961, decedent attempted to make gifts of the savings bonds to his son, Elmore. The bonds were contained in envelopes bearing various writings evincing an intent to give the bonds to Elmore. The envelopes containing the bonds were then placed in decedent's safety deposit box, to which decedent retained sole possession from 1960 to 1964. Thereafter decedent relinquished possession of his safety deposit key to Elmore and never again had physical possession of the bonds.

On June 23, 1967, decedent and his son entered into a trust agreement which clearly stated the bonds were given absolutely to Elmore E. Dixon by Edward C. Dixon and that Elmore had possession of the bonds from the time of the gifts. It was stated in the agreement that it was prepared because questions as to the propriety of the gifts had arisen. Decedent died intestate on January 16, 1969.

The Internal Revenue statute which applies to this matter provides a decedent's gross estate shall include ". . . the value of all property to the extent of the interest therein of the decedent at the time of his death." 26 U.S.C. § 2033.

The pertinent Treasury Regulations [1] in effect at the time of the purported gifts, prescribe the following rules: (1) that savings bonds are to be issued only in registered form and that such registration is conclusive of the ownership of the bonds. 31 C.F.R. § 315.5; (2) that "Savings bonds are not transferable and are payable only to the owners named thereon", 31 C.F.R. § 13.15; (3) that "No judicial determination will be recognized which would give effect to an attempted voluntary transfer inter vivos of a bond or would defeat or impair the rights of survivorship conferred by these regulations upon a surviving coowner or beneficiary, . . .", 31 C.F.R. § 315.20; (4) that "Series E" bonds may not be transferred inter vivos by making a gift of such bonds. 31 C. F.R. § 316.8 [2].

The same regulations clearly set forth the only methods available for an owner of savings bonds registered in beneficiary form to divest himself of such ownership during his lifetime. Section 315.65 found in the Department Circular cited in footnote 1 provides the registered owner may present and surrender the bonds for cash payment after he properly executes a request for such payment. Paragraph (b) of the same section allows the registered owner, upon a certified request, to have the bonds reissued. The section sets out three methods by which the owner may have the bonds reissued.

The stipulation on file herein acknowledges that none of the savings bonds were cashed or reissued prior to the death of decedent. The issue to be determined therefore, is whether the purported gifts of the bonds made by decedent to his son operated to remove the bonds from inclusion in decedent's gross estate for estate tax purposes even though the gifts were not made in compliance with the above quoted regulations?

A United States Supreme Court case dealt with the problem of whether contrary state law must yield to valid federal law. Free v. Bland, 369 U.S. 663, 82 S.Ct. 50, 7 L.Ed.2d 21 (1962). The court held that Treasury Regulations which granted complete rights of survivorship to "Series E and F" Savings bonds abrogated conflicting Texas community property law dealing with survivorship rights. The application of this decision to the case now before this court clearly demonstrates that although the gifts of the bonds may have been valid according to Wyoming law, the transactions did not comply with the federal regulations concerning the transfer of the bonds, and therefore did not transfer ownership of the bonds to decedent's son. See also Estate of Curry v. United States, 409 F.2d 671 (6th Cir. 1969).

Two cases are cited by taxpayer to support his position. The first one is Silverman v. McGinnes, 259 F.2d 731, (3d Cir. 1958). That case held a gift of "E" bonds by one co-owner to another co-owner is valid and gives exclusive ownership of the bonds to the donee even though the bonds were not reissued in the name of the donee. A Sixth Circuit case, however, declined to follow the Silverman decision and held to the con-

1. Department Circular No. 530, (8th) Revision, dated December 26, 1957

2. Department Circular No. 653, (5th) Revision, dated September 23, 1959.

trary that a valid inter vivos gift of savings bonds cannot be made unless the bonds are surrendered and reissued in the name of the donee in compliance with the Treasury Regulations. Estate of Curry v. United States, supra.

The other case which taxpayer cites is Chandler v. United States, 312 F.Supp. 1263 (D.C.Cal.1970), affirmed, 460 F.2d 1281 (9th Cir. 1972). This case held that the regulations making bonds non-transferable only applied to transfers between registered owners and third persons and did not apply to transfers between registered coowners.

The case was appealed to the United States Supreme Court which in a very recent opinion reversed the lower courts decisions and held in accordance with Free v. Bland, supra, that regulations governing United States Savings Bonds take precedence over or preempt ". . . inconsistent state property law". United States v. Chandler, — U.S. —, 93 S.Ct. 880, 35 L.Ed.2d 247 (1973).

■ Although the Supreme Court case deals with transfers between coowners, its application to the situation present in this case is undeniable. Notwithstanding the transfers occurring in this case were between the owner and beneficiary, the policy reasons given by the Supreme Court for holding the regulations as controlling are applicable here.

The Supreme Court stated that if the regulations were not adhered to, chaotic conditions would arise with regard to transactions involving savings bonds. The Court in a footnote recognized that 500 million "Series E" Bonds are outstanding which are worth over 50 billion dollars. The Court then stated "[T]he requirements of government for uniformity and for proper recordkeeping alone demand and justify something less than absolute freedom of transfer". Id.

In light of the above, it would be an anomaly to hold that the federal government has any less reason to suppress transfers of savings bonds simply because the transfers take place between an owner and beneficiary rather than between coowners.

Even the lower courts involved in the Chandler case, supra, were of the opinion a transfer from an owner to a non-owner donee was invalid if not in compliance with the regulations. The trial court stated a non-owner donee under the regulations, may not demand or obtain the proceeds from the Treasury and that a transfer to such a donee would be ". . . not only incomplete as to delivery, but also fairly within the terms and purpose of the federal regulations". The trial court summed up its disapproval by stating "It is not necessary to adopt the broad view expressed by other state courts . . . that, even in such situations, i. e., transfer by a sole owner to a non co-owner donee, the transfer is valid notwithstanding the federal regulations." 312 F.Supp. at 1267.

■ Due to decedent's failure to comply with Treasury Regulations pertaining to savings bonds, it is the court's opinion the attempted transfers of ownership of the bonds by decedent, Edward C. Dixon, to his son, Elmore E. Dixon, were incomplete thereby leaving all incidents of ownership with decedent. Since decedent was the owner of the bonds at the time of his death, their total value is includable in his taxable gross estate for estate tax purposes.

The remaining issue is whether the trust agreement dated June 23, 1967, causes the gifts to be considered as made in contemplation of death since the donor died in January of 1969. This issue is rendered moot, however, since the Court has already determined the value of the savings bonds is to be included in decedent's estate.

The motion of plaintiff for summary judgment is denied and the motion of defendant for summary judgment is granted. Judgment will be entered accordingly.