**Richard V. ETCHEY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 568–87C.

United States Claims Court.

July 28, 1988.

G. Lee Raaen, Seattle, Wash., for plaintiff.

Sean P. Morgan, with whom were Asst. Atty. Gen. John R. Bolton, David M. Cohen, Director, and Thomas W. Petersen, Asst. Director, Washington, D.C., for defendant.

OPINION

ANDEWELT, Judge.

In this government contract action, plaintiff, Richard V. Etchey, seeks damages from the United States in connection with his purchase of three lots of wooden ammunition boxes, some of which were later found to contain explosive materials. Plaintiff purchased two of the lots directly from defendant and a third lot (Lot 101) from a third party who had originally purchased it from defendant.

This action is presently before the Court on defendant's Rule 12(b)(1) motion to dismiss. Defendant contends that this Court lacks jurisdiction over plaintiff's claims with respect to Lot 101 on the ground that plaintiff was not in privity of contract with the Government in the purchase of that lot. For the reasons set forth below, defendant's motion is granted and the complaint will be dismissed in part.

*Facts*

The facts relevant to the issue of jurisdiction are not in dispute. Plaintiff purchased two lots of wooden ammunition box-

es directly from the United States Army's Defense Reutilization and Marketing Service at auctions held on May 20 and June 10, 1986, respectively. At the May 20, 1986, auction, Jerry D. Tharp purchased Lot 101, which he later sold to plaintiff on May 29, 1986.

Plaintiff subsequently sold all three lots of boxes to Ernst Home (Ernst), a hardware retail chain. Ernst distributed the boxes to retail outlets for sale to the public. After explosive materials were found in some of the boxes, Ernst recalled all of the ammunition boxes to its distribution center, cancelled payment to plaintiff, required plaintiff to take possession of the boxes, and charged him for the costs of transportation, handling, and damages. Plaintiff then tendered the boxes back to the Army, which took temporary possession of the boxes, reinspected them, and returned them to plaintiff. Plaintiff subsequently resold the reinspected boxes to a third party.

Plaintiff filed a claim with the Army seeking recovery of the losses and damages he allegedly incurred as a result of the Army's failure originally to sell the boxes in an empty condition. The Army denied the claim, and, on September 10, 1987, plaintiff filed this action, charging the United States with "breach of contract, breach of express and implied warranties, and misrepresentation." In its motion to dismiss under RUSCC 12(b)(1), defendant contends that this Court lacks jurisdiction to hear plaintiff's claims involving Lot 101, since plaintiff purchased that lot directly from Tharp, and, as a result, was not in privity of contract with defendant with respect to the sale of that lot.

## Discussion

The United States, as sovereign, is immune from suit save as it consents to be sued, and any waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953–54, 47 L.Ed.2d 114 (1976) (quoting *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52 (1969)). Pursuant to the Tucker Act, the United States may be sued in this Court in any action founded upon "any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). In interpreting this Court's Tucker Act jurisdiction in contract cases, however, with certain exceptions not applicable here, the courts have limited the right to sue the United States to those parties who are in privity of contract with the United States with respect to the express or implied contract at issue.[1] *See Merritt v. United States*, 267 U.S. 338, 340–41, 45 S.Ct. 278, 279, 69 L.Ed. 643 (1925); *Erickson Air Crane Co. v. United States*, 731 F.2d 810, 813 (Fed.Cir.1984); *Centron Corp. v. United States*, 218 Ct.Cl. 1, 7, 585 F.2d 982, 985–86 (1978); *Bogart v. United States*, 209 Ct.Cl. 208, 213–14, 531 F.2d 988, 991 (1976); *Kanarek v. United States*, 161 Ct.Cl. 37, 40, 314 F.2d 802, 803 (1963), *cert.*

---

1. The courts have permitted persons who were not actual parties to a government contract to bring suit on the contract only in specific, narrowly defined situations where, *inter alia,* there was a clear demonstration of an intent on the part of the United States to waive its sovereign immunity from such suits. Thus, parties who enter into a contract with an agent of the United States may sue the United States directly provided that, *inter alia:*

    (1) [the agent was] acting as a *purchasing* agent for the government, (2) the agency relationship between the government and the [agent] was established by clear contractual consent, and (3) the contract stated that the government would be directly liable to the vendors for the purchase price.

*United States v. Johnson Controls, Inc.,* 713 F.2d 1541, 1551 (Fed.Cir.1983) (emphasis in origi-

nal). *See also, Deltec Corp v. United States,* 164 Ct.Cl. 432, 326 F.2d 1004 (1964).

In addition, the courts have permitted suits by a person who, though not a party to a Government contract, was a third-party beneficiary of the contract, in situations where the contract specifically "reflect[ed] the intent not merely to benefit the third-party but also to give him the direct right to compensation or to enforce that right against the promisor." *Baudier Marine Electronics v. United States,* 6 Cl.Ct. 246, 249 (1984), *aff'd,* 765 F.2d 163 (Fed.Cir.1985). *See also, Erikson v. United States,* 12 Cl.Ct. 754, 757–58 (1987).

Neither exception is applicable here. Plaintiff does not contend that Tharp was an agent for the United States, or that plaintiff was an intended third-party beneficiary of the sales contract between the United States and Tharp.

*denied,* 379 U.S. 838, 85 S.Ct. 74, 13 L.Ed.2d 45 (1964); *Brannan v. United States,* 7 Cl.Ct. 399, 403 (1985). In *Brannan,* the court stated: "It is axiomatic in the law of government contracts, as developed ... under ... [the] Tucker Act that a person seeking to recover on a contract claim against the United States must show ... the existence of privity of contract between the claimant and the United States." 7 Cl.Ct. at 403 (citations omitted).

Plaintiff responds to defendant's motion to dismiss with two basic arguments. First, plaintiff contends that, even though he purchased Lot 101 directly from Tharp, the Army's involvement in plaintiff's acquisition of Lot 101 constitutes privity of contract between plaintiff and the Army. In the alternative, plaintiff contends that privity of contract is not required for assertion of a warranty claim against the United States, and that defendant's sale of the boxes containing explosive materials constituted a breach of express or implied warranties that the boxes would be empty when sold.[2]

■ Plaintiff's arguments must be evaluated based on the applicable federal common law since "obligations to and rights of the United States under its contracts are governed exclusively by federal law." *Boyle v. United Technologies Corp.,* —— U.S. ——, 108 S.Ct. 2510, 2514, 101 L.Ed.2d 442 (1988). *See also, United States v. Little Lake Misere Land Co.,* 412 U.S. 580, 592–94, 93 S.Ct. 2389, 2396–97, 37 L.Ed.2d 187 (1973). To support his conclusion that he was in privity of contract with the Army with respect to Lot 101, plaintiff points to the circumstances surrounding the original sale of Lot 101 to Tharp, and the subsequent resale of that lot by Tharp to plaintiff. With respect to the original sale, plaintiff indicates that he was present at the May 20, 1986, auction and that Lot 101 was sold there under the same bidding announcement, rules, and solicitation as Lot 100, which plaintiff purchased at the same auction directly from the Army. With respect to Tharp's resale of Lot 101 to plaintiff, plaintiff indicates that Tharp sold that lot to him before taking possession of it, and that the Army turned that lot directly over to plaintiff. Plaintiff concludes that this involvement of the Army in his acquisition of Lot 101 is sufficient to constitute privity of contract.

But even a high degree of Government involvement in a contract cannot substitute for the requisite privity of contract. *See Korea Dev. Corp. v. United States,* 9 Cl.Ct. 167, 173 (1985); *Penn Towne Builders, Inc. v. United States,* 4 Cl.Ct. 677, 683 (1984). Privity of contract is defined as "that connection or relationship which exists between two or more contracting parties." *Black's Law Dictionary* 1362 (4th ed. 1968). For purposes of jurisdiction in this Court, the "no-privity rule is synonymous with a finding that there is no express or implied contract between the government and [the party instituting suit]." *Johnson Controls,* 713 F.2d at 1550.

**2.** Plaintiff also contends that defendant has not presented "competent evidence" to support its motion. Plaintiff argues that the documents attached to defendant's opening brief, consisting of various extra-pleading materials, including the bill of sale executed by Tharp and plaintiff for the purchase of Lot 101, are not supported by affidavit or certification that would render them admissible as evidence. Plaintiff is correct that defendant should have authenticated these materials. Such authentication is appropriate and would have simplified the proceedings.

At oral argument, however, plaintiff indicated that he did not dispute the authenticity of the documents relied upon by defendant, or the facts that can properly be adduced from those documents. The Court ultimately decided to consider the documents and to offer plaintiff an opportunity to supplement its response to defendant's motion. Plaintiff submitted a copy of a document, apparently issued by the Army, that describes the lot plaintiff purchased at the May 20, 1986, auction (Lot 100) and the lot Tharp purchased at the May 20 auction (Lot 101) as "BOXES, AMMUNITION, WOODEN." At this point, the Court is satisfied that the present record adequately apprises it of the operative facts that are necessary to determine the jurisdictional sufficiency of plaintiff's claims regarding Lot 101. *See Fidelity and Deposit Co. v. United States,* 2 Cl.Ct. 137, 145 & n. 16 (1983) (noting the courts' broad discretion as to the method to be used in resolving factual disputes which may arise in connection with a motion to dismiss for lack of jurisdiction).

Here, plaintiff does not contend that he entered into an express contract with the Army with respect to Lot 101. Nor can such a contract be implied in fact. An implied-in-fact contract requires the same basic elements as an express contract, *i.e.*, mutuality of intent to be bound, a definite offer, an unconditional acceptance, and consideration. *See Fincke v. United States*, 230 Ct.Cl. 233, 243–44, 675 F.2d 289, 295 (1982); *Pacific Gas & Electric Co. v. United States*, 3 Cl.Ct. 329, 338–39 (1983); *City of Klawock v. United States*, 2 Cl.Ct. 580, 584 (1983), *aff'd*, 732 F.2d 168 (Fed.Cir. 1984). Here, the Army's offer to sell Lot 101 was accepted by Tharp, not plaintiff. Plaintiff acquired the boxes by accepting Tharp's offer to sell them and by paying consideration to Tharp. The Army was not a party to this latter sale. Consequently, no privity of contract existed between plaintiff and the Government with respect to Lot 101.

■ Next, contrary to plaintiff's second argument, the federal courts have uniformly held that privity of contract with the Government is a jurisdictional prerequisite for breach of warranty claims in a contract action brought under the Tucker Act.[3] *Johns–Manville Corp. v. United States*, 12 Cl.Ct. 1, 32 (opinion on motion for judgment on the pleadings), and 13 Cl.Ct. 72, 113–14, 118–32 (opinion after trial) (1987); *In re All Asbestos Cases*, 603 F.Supp. 599, 611 (D.Haw.1984); *In re All Maine Asbestos Litigation*, 581 F.Supp. 963, 973–74 (D.Me. 1984). Each of these cited cases involved Tucker Act claims in which asbestos manufacturers sought indemnification from the United States of their liability for asbestos-related injuries sustained by workers in Government and private shipyards. In pertinent part, the manufacturers asserted that the Government breached implied warranties that asbestos-containing products handled in the course of performance of Navy construction contracts would be safe if used according to Government specifications. In each case, the court indicated that the warranties at issue did not run to

third parties who were not in privity of contract with the United States.

Unlike the asbestos cases, the instant case involves warranties attendant to the Government's sale of goods, rather than a warranty implied from specifications contained in a government contract. But this distinction does not warrant a different result because what is crucial is not the particular type of warranty involved, but whether the United States has unequivocally consented to be sued on that warranty. Here, there was no such express waiver of sovereign immunity with respect to parties not in privity of contract with the Government, and none can be implied. *See United States v. King*, 395 U.S. at 4, 89 S.Ct. at 1502.

Plaintiff's argument—that privity of contract is not required herein—rests on the Uniform Commercial Code (U.C.C.). Plaintiff contends that the U.C.C. relaxes the privity requirement for suits based on express or implied warranties, and that "[t]his court has often looked to U.C.C. as a statement of current law to be applied in contact cases between the Government and third parties." *See Everett Plywood and Door Corp. v. United States*, 190 Ct.Cl. 80, 88–90, 419 F.2d 425, 429–30 (1969). But, except as provided in § 2–318, the U.C.C. is neutral as to whether privity of contract is required for breach of warranty claims. Section 2–318, entitled "Third Party Beneficiaries of Warranties Express or Implied," has three distinct alternative provisions from which states can choose. The majority of the states have adopted Alternative A, which extends express and implied warranties attendant to the sale of goods only to the buyer's family, household, and home guests. *See* R. Anderson, Uniform Commercial Code § 2–318:4 (3rd ed. 1983). There has been no suggestion here that plaintiff falls within the scope of this provision with respect to Tharp. Consequently, even assuming for purposes of argument that the U.C.C. as adopted by the majority

---

**3.** For purposes of this decision, it is assumed that defendant expressly and impliedly warrant-ed that the ammunition boxes sold at auction were empty.

of states applies, it does not aid plaintiff.[4]

### Conclusion

For the foregoing reasons, plaintiff's claims regarding Lot 101 and the Tharp contract are dismissed. As presently styled, the complaint does not permit identification of the damages sought by plaintiff with respect to the three contracts originally at issue.

To facilitate further proceedings, it is hereby ORDERED:

1. On or before August 30, 1988, plaintiff shall file an amended complaint in which he shall state his remaining claims with particularity, and allocate the damages sought with respect to each of the two contracts still at issue.

2. Defendant shall answer or otherwise respond to the amended complaint within 30 days after service thereof.

---

4. In addition to his breach claims, plaintiff alleges *misrepresentation by defendant.* The purported misrepresentation is the alleged assertion by the Army that the ammunition boxes would be empty when sold. Thus, the misrepresentation claim rests on the same factual predicate as plaintiff's breach claims. To the extent that plaintiff's misrepresentation claim sounds in contract, like the breach claims, it must be dismissed due to plaintiff's lack of privity with the Government. To the extent that the claim sounds in tort, it is outside the jurisdiction of this Court under the Tucker Act, 28 U.S.C. § 1491(a)(1).