Mina ROTMAN, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 93–656 C.

United States Court of Federal Claims.

July 26, 1994 *.

Keith R. Kraus, Cleveland, OH, for plaintiff.

Lance J. Lerman, U.S. Dept. of Justice, Washington, DC, for defendant.

---

* This Opinion was filed unpublished on July 26, 1994. Thereafter, defendant filed a Request for Publication pursuant to Rule 52.1(b). We grant this motion, and reissue the Opinion for publication this date, August 25, 1994.

## OPINION

HODGES, Judge.

Plaintiff seeks from this court an order directing the United States Treasury to pay her the proceeds of certain Series "E" Savings Bonds. Defendant moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which a relief can be granted pursuant to RCFC 12(b)(1) and 12(b)(4) respectively. We grant defendant's 12(b)(1) motion.

### FACTS

The savings bonds in dispute are registered in the names of Edna and Clara Lederer. Ms. Edna Lederer died first, then Ms. Clara died intestate. Plaintiff is not related to Ms. Clara Lederer.

In December 1987, plaintiff purchased the contents of Ms. Clara Lederer's apartment for one thousand dollars from Mr. Albert Fowerbaugh, the administrator of Ms. Clara's estate. Unbeknownst both to Mr. Fowerbaugh and to plaintiff, a desk in the apartment included thirteen Series "E" Savings Bonds worth approximately $24,427.40. The agreed purchase price confirms that Mr. Fowerbaugh was not aware of the existence of the bonds.

Nevertheless, plaintiff claimed that she was the rightful owner of the savings bonds and demanded that Mr. Fowerbaugh transfer the bonds to her. He refused. Plaintiff filed a complaint in the Court of Common Pleas for Cuyahoga County, Ohio, asking that the bonds be transferred to her. The Administrator did not respond, so the court entered a default judgment declaring plaintiff to be the true and lawful owner of the bonds.

Plaintiff requested that the Department of Treasury redeem the bonds. Treasury refused, stating that the transfer of bonds to plaintiff was invalid, and that the bonds belonged to Ms. Clara Lederer's estate. Furthermore, Treasury stated that federal law governs the transfer and redemption of U.S. Savings Bonds, and decisions of state courts

declaring property rights in U.S. Savings Bonds are invalid if they conflict with Treasury regulations.

Plaintiff then filed a complaint in the United States District Court for the Northern District of Ohio, to compel the Department of Treasury to transfer the bonds. The court dismissed that complaint for lack of subject matter jurisdiction, and plaintiff brought her suit here.

## DISCUSSION

31 U.S.C. § 3105(c) (1983) empowers the Secretary of the Treasury to prescribe conditions by which U.S. Savings Bonds may be held. These include restrictions on transfer and redemption. The Supreme Court has ruled that federal regulations governing U.S. Savings Bonds prevail over conflicting state law. *Free v. Bland,* 369 U.S. 663, 668, 82 S.Ct. 1089, 1093, 8 L.Ed.2d 180 (1962). Accordingly, the Ohio court's declaration of ownership is moot if it conflicts with Treasury regulations.

The Treasury Department has a general policy of prohibiting inter vivos transfers of savings bonds. Treas.Reg. § 315.15 (as amended in 1980) ("Savings bonds are not transferable and are payable only to the owners named in the bonds."). *See also United States v. Chandler,* 410 U.S. 257, 93 S.Ct. 880, 35 L.Ed.2d 247 (1973) (inter vivos gift of savings bonds to granddaughter without reissue did not divest owner of the incidents of ownership); *Estate of Curry v. United States,* 409 F.2d 671, 673 (6th Cir.1969) (affirming that Series "E" U.S. Savings Bonds are not transferable inter vivos).

A U.S. Savings Bond may be reissued in limited circumstances, none of which applies to plaintiff. A bond may be reissued to a new owner only if that person is related to the current owner by blood, adoption, or marriage, or is trustee of a personal trust estate created by the current owner. Treas. Reg. § 315.47 (as amended in 1980).

Treasury "will not recognize a judicial determination that gives effect to an attempted voluntary transfer inter vivos of a bond." Treas.Reg. § 315.20 (as amended in 1980); *see also United States v. Chandler,* 410 U.S.

at 262, 93 S.Ct. at 883 ("[A]bsent fraud, the regulations creating a right of survivorship in U.S. Savings Bonds issued in co-ownership form overrode or pre-empted any inconsistent state property law."). Thus, applicable Treasury regulations do not permit transfer of the bonds to plaintiff, or give her ownership of the bonds. The bonds belong to the estate of Ms. Clara Lederer. *See* Treas.Reg. § 315.70(b)(2) (as amended in 1980).

Plaintiff contends that Treas.Reg. § 315.71(b) and Treas.Reg. § 315.72(a) give her rights to the bonds. Neither section applies to the facts of this case. Section 315.72(a) applies only to administrators. Section 315.71(b) governs instances in which an estate has been settled through judicial proceedings. The Ohio state court proceeding does not constitute an administration of the estate of Ms. Clara Lederer.

Plaintiff maintains that this court has jurisdiction because her claim for money damages is founded upon an expressed or implied contract with the United States. A U.S. Savings Bond is a contract between the United States and the person to whom it is registered. *Estate of Curry,* 409 F.2d at 674. Plaintiff is not a party to the contract because the savings bonds in question are not registered in her name. She does not have privity of contract with the United States. *See Etchey v. United States,* 15 Cl.Ct. 152, 153 (1988) (citing *Merritt v. United States,* 267 U.S. 338, 340–41, 45 S.Ct. 278, 279, 69 L.Ed. 643 (1925) and *Erickson Air Crane Co. v. United States,* 731 F.2d 810, 813 (Fed.Cir. 1984)).

We find that subject matter jurisdiction is lacking for the reasons stated. Also, plaintiff fails to state a claim for which relief may be granted.

## CONCLUSION

Defendant's motion to dismiss is GRANTED. The Clerk will dismiss plaintiff's complaint for lack of subject matter jurisdiction. No costs.