Opinion by
Mr. Justice Moore.
We will refer to the parties by name. The complaint in the action was filed by plaintiff McCartney. She alleged that she was the owner, and entitled to the possession, of certain personal property located at 4095 South Sherman street, Englewood, Colorado; that on February 16, 1959, Charles Foster, who was sheriff of Arapahoe county, wrongfully took possession of said property and converted same to his own use; all to her damage in the sum of $3,310.00.
Answer was filed by Foster admitting that he was the sheriff of Arapahoe county but denying all other allegations. He stated that the items described in the complaint belonged to Jiffee Products, Inc.; were taken by a deputy sheriff at the request of Jiffee; and that Jiffee thereafter took possession of the property. Jiffee was then made a defendant. An amended complaint was filed in which it was alleged that Jiffee unlawfully took the said property from McCartney’s possession, and the allegations of the original complaint were repeated as against Foster.
The matter proceeded to trial without a jury. At the conclusion of the evidence offered by McCartney both defendants moved to dismiss on the ground that upon the facts and the law no right to relief had been shown. The *539 motions to dismiss were granted and judgment entered accordingly.
We agree with the trial court that the evidence offered by McCartney fell far short of establishing a claim against either defendant. There was no testimony that Foster himself removed the personal property from the premises in which it had been stored by McCartney. It is uncontroverted that he had no knowledge of the transaction upon which McCartney based her claim, except the statements made to him by a deputy sheriff. The evidence established that if there was any wrongful taking of the property it was done by persons other than Mr. Foster, without his knowledge or direction and not in the discharge of any official duty for which he could be held accountable. In Johnson v. Enlow, 132 Colo. 101,286 P. (2d) 630, it was held that under C.R.S. 1953, 35-5-5, a sheriff is liable only for the official acts of his deputies. The asserted “wrongful” taking of the property involved in this case was brought about by a deputy sheriff and it is clear that in removing the property from the place where it was stored he was not performing any. official duty as a deputy sheriff.
With relation to the claim asserted against Jiffee Products, Inc., there is no competent evidence that the property was wrongfully taken into its possession, nor was any demand made by McCartney for the return of the property. Under the circumstances disclosed by the record a demand upon Jiffee for the return of the property and a refusal to comply therewith were prerequisites to McCartneys’ right to recover damages for conversion. Davis v. American National Bank, 149 Colo. 34, 367 P. (2d) 325.
The judgment is affirmed.
Mr. Justice Hall and Mr. Justice McWilliams concur.