David CURRY and Barbalyn D. Curry, his wife, Plaintiffs and Respondents,

v.

EDUCOA PRESCHOOL, INC., a corporation and Roy A. Barrett, Defendants and Appellants.

No. 15436.

Supreme Court of Utah.

May 19, 1978.

Ralph R. Mabey and Alan L. Smith, of Irvine, Smith & Mabey, Salt Lake City, for defendants and appellants.

Earl Jay Peck, of Nielsen, Henriod, Gottfredson & Peck, Salt Lake City, for plaintiffs and respondents.

ELLETT, Chief Justice.

This is an interlocutory appeal by the defendant, Roy A. Barrett, from the refusal of the trial court to dismiss the plaintiff's complaint. The defendant contends that the matter is barred by reason of the doctrine of res judicata. We are not here concerned with the merits of the case but only with the question of whether or not the case is barred. The facts are not in dispute. In substance they are as follows:

In March, 1976, plaintiffs filed a complaint in the United States District Court for the District of Utah, Central Division, accusing defendants, Educoa Preschool, Inc. and Roy A. Barrett, of federal and state securities law violations and common law fraud. The defendant moved to dismiss this complaint on the ground, inter alia, that its allegations of fraud were not pleaded with sufficient particularity. This motion was granted and on August 17, 1976, the court ordered plaintiffs to amend their complaint to plead fraud with the requisite specificity. On September 24, 1976, the court also ordered plaintiffs to prepare and file a pretrial order with the court.

Plaintiffs ignored these court orders and did nothing further to prosecute their claim in federal court. Seven months later, in March, 1977, the court, on its own motion, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, dismissed the complaint with prejudice for failure to prosecute it and for failure to comply with the orders made by the court.

On July 18, 1977, the plaintiffs filed their complain in the District Court of the County of Salt Lake, State of Utah, wherein they sought the same relief which they had requested in the prior federal court action.

Rule 41(b) of the Federal Rules of Civil Procedure provides:

(b) INVOLUNTARY DISMISSAL: EFFECT THEREOF. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. . . Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, *operates as an adjudication upon the merits.* [Emphasis added.]

The plaintiffs claim that since the defendant in the federal court never moved for a dismissal, the dismissal was not pursuant to Rule 41(b) and, therefore, res judicata does not apply to the bringing of another action in the state court. Apparently the trial judge agreed.

In 5 *Moore's Federal Practice* at page 41–118, it is said:

While Rule 41(b) provides that 'a defendant may move' for dismissal for want of prosecution, a district court may . . either under Rule 83 or in the exercise of its inherent power to keep its dockets clear—dismiss on its own motion for want of prosecution . . . [See the many cases cited in footnote 5 beginning on page 41–118.]

The plaintiffs rely on the ruling of the United States Supreme Court in the case of *Costello v. United States*[1] wherein the government failed to file an affidavit of good faith in a denaturalization proceeding. Because of this failure, the federal district court dismissed the case. Later the government again sought denaturalization of Costello. There, the defendant claimed res judicata. The Supreme Court held it did not have res judicata effect. That case differs from the instant matter for the reason that the failure to file the required affidavit deprived the federal district court of juris-

diction to determine the matter; and the Supreme Court properly held that the lack of jurisdiction was an exception within Rule 41(b) and was not an adjudication on the merits.

In the instant matter, the federal district court did have jurisdiction of the cause of action and of the parties. The order was that the dismissal was with prejudice and no appeal being taken therefrom, the matter is finally disposed of in the federal system. Being final there, our courts should give full faith and credit to the judgment there rendered.

In the case of *Link v. Wabash R. R. Co.*[2] the claim was made that because the trial court had, sua sponte, dismissed a case for failure on the part of plaintiff to prosecute, the matter was not res judicata. The same claim was made there as is made here in the instant matter, towit: That unless the *defendant* moves for a dismissal, the rule is not applicable. The Supreme Court, at page 630, 82 S.Ct. at page 1388 of its opinion said:

Petitioner contends that the language of this Rule, by negative implication, prohibits involuntary dismissals for failure of the plaintiff to prosecute *except* upon motion by the defendant. In the present case there was no such motion.

We do not read Rule 41(b) as implying any such restriction. Neither the permissive language of the Rule—which merely authorizes a motion by the defendant—nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief. The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. . . .

1. 365 U.S. 265, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961).

2. 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

The Court held the dismissal was a bar to further action.

We hold that the involuntary dismissal of the plaintiff's case in the federal court, on the court's own motion, constitutes a final judgment on the merits; which judgment is entitled to res judicata effect. As such, it is a bar to a subsequent action involving the same issues in the courts of Utah. The ruling of the trial court is reversed and the case is remanded with directions to dismiss the complaint. Costs are awarded the appellant.

CROCKETT, MAUGHAN, WILKINS and HALL, JJ., concur.