676 P.2d 822

**W.G. MYERS, Plaintiff-Appellant,**

v.

**Lois R. OLSON, Carol Frances Murphy, Clifford Olson, and The Estate of Pauline French Myers, Deceased, Defendants-Appellees.**

**No. 14800.**

Supreme Court of New Mexico.

Jan. 13, 1984.

Thomas E. Jones, Albuquerque; for plaintiff-appellant.

Shaw, Thompson, Webber & Giles, William F. Webber, Paul M. Giles, Jr., Albuquerque, for defendants-appellees.

**OPINION**

SOSA, Senior Justice.

After a dissolution proceeding in which the property rights of the parties were determined, plaintiff W.G. Myers (Myers) sought an equitable lien on the separate property residence of his former wife, Pauline Myers. Defendants Lois and Clifford Olson (Olsons) and Carol Murphy (Murphy) moved for summary judgment. Judge Traub of the Bernalillo County District Court granted the motion on the grounds that the status of the property and any liens thereon had been resolved in the prior dissolution proceeding. We affirm.

The marriage of plaintiff and decedent was dissolved by a stipulated final decree which issued on August 11, 1981. The decree among other things distributed the

property of the parties and in particular set over to Pauline Myers as her sole and separate property the lot and residence in question located in Albuquerque. The next day, she deeded the residence to her daughters, Lois Olson and Carol Murphy. Pauline Myers died on October 5, 1981. On March 19, 1982 plaintiff, represented by the same counsel as represented him throughout the dissolution proceedings, brought the instant equitable lien action.

At the district court level plaintiff initially claimed that decedent had promised him a home for his lifetime in the residence. Plaintiff alleged that, relying on the asserted promise, he had performed work on decedent's separate property residence, thereby enhancing its value and giving rise to an equitable lien. Both the alleged promise and the improvements occurred prior to the dissolution. Myers also asserted that by virtue of the deed, the Olsons and Murphy had improperly received the residence in which he claimed an equitable interest. On appeal Myers emphasizes the Olsons and Murphy would be unjustly enriched if an equitable lien is not imposed. Defendants assert the prior dissolution action is res judicata as to plaintiff's equitable lien action regardless of the theory upon which the latter is premised.

Myers argues a number of points which relate to the propriety of the summary judgment. Essentially, he asserts that undetermined issues of fact regarding the amount of the equitable lien preclude any summary judgment. However, we need not reach these contentions. The ultimate issue upon which this case turns is whether the prior stipulated final decree which determined the property interests of the parties is res judicata as to plaintiff's subsequent equitable lien claim. We hold that res judicata applies and that summary judgment was therefore proper.

The rules governing our interpretation of the instant stipulated final decree are well settled. "Where the decree is clear and unambiguous, neither pleadings, findings nor matters dehors the record may be used to change its meaning or even to construe it. It must stand and be enforced as it speaks." *Parks v. Parks*, 91 N.M. 369, 372, 574 P.2d 588, 591 (1978); *see United States v. Armour & Co.*, 402 U.S. 673, 91 S.Ct. 1752, 29 L.Ed.2d 256 (1971). Under *Parks*, a final decree of dissolution of marriage is deemed a final judgment. The only means of modifying or setting aside the judgment would be by appeal or by timely motion for relief under NMSA 1978, Civ.P.Rule 60(b) (Repl.Pamp.1980). *Parks*, 91 N.M. at 371, 574 P.2d at 590; *Wehrle v. Robison*, 92 N.M. 485, 590 P.2d 633 (1979). Neither was done by Myers. The validity of the decree was never challenged, its terms never modified.

We look to the terms of the decree to determine its coverage under *Parks*. It specifically provides that the parties entered in to all stipulations upon advice of their respective counsel and further states that the parties "agreed to the dissolution of their marriage and the disposition of their community and separate property and indebtedness." The decree then addresses jurisdictional matters, the grounds for dissolution and the fact that no children issued from the marriage. It then states that all other issues "have been disposed of by the parties by oral stipulation made subject to the approval of the Court and such stipulation appearing fair and equitable in all respects, the same is hereby approved."

The decree speaks in clear and unambiguous terms. It awards plaintiff Myers certain money market certificates and savings and loan account balances as his separate property as well as over seventy five (75) items of personal property located in the residence in question. The residence is unequivocally "reaffirmed as the separate property" of the decedent and "set over unto her as such." Conspicuous by its absence is any reference to an equitable lien or similar interest which plaintiff now claims. A fair reading of the document then is that the residence was to be the sole and separate property of the decedent, not subject to any equitable lien. The unambiguous and unqualified language of the

decree forecloses any possibility of an exception involving an equitable lien claim. *See Wehrle,* 92 N.M. at 487, 590 P.2d at 635.

■ Under the doctrine of res judicata, a prior judgment on the merits bars a subsequent suit involving the same parties or privies based on the same cause of action. Res judicata will ordinarily preclude a claim where there has been a full and fair opportunity to litigate all issues arising out of that claim. *Montana v. United States,* 440 U.S. 147, 153–154, 99 S.Ct. 970, 973–974, 59 L.Ed.2d 210 (1979); *see Parklane Hosiery v. Shore,* 439 U.S. 322, 327–328, 99 S.Ct. 645, 649–650, 58 L.Ed.2d 552 (1979); *Blonder-Tongue Laboratories v. University of Illinois Foundation,* 402 U.S. 313, 328–329, 91 S.Ct. 1434, 1442–1443, 28 L.Ed.2d 788 (1979); *Zdanok v. Glidden Co.,* 327 F.2d 944, 953 (2nd Cir.1964). The rationale for the application of res judicata generally is to protect individuals from the burden of litigating multiple lawsuits, to promote judicial economy, and to promote the policy favoring reliance on final judgments by minimizing the possibility of inconsistent decisions. *Montana v. United States,* 440 U.S. at 153–154, 99 S.Ct. at 973–974.

Defendants' maintain that the requisite elements for the application of res judicata are present. The second suit must be identical with the prior action in four respects: 1) the parties must be the same or in privity; 2) the subject matter must be identical; 3) the capacity or character of persons for or against whom the claim is made must be the same; and 4) the same cause of action must be involved in both suits. *Three Rivers Land Co., v. Maddoux,* 98 N.M. 690, 652 P.2d 240 (1982); *Torres v. Village of Capitan,* 92 N.M. 64, 582 P.2d 1277 (1978); *City of Santa Fe v. Velarde,* 90 N.M. 444, 564 P.2d 1326 (1977); *see First State Bank v. Muzio et ux.,* 100 N.M. 98, 666 P.2d 777 (1983).

■ In this case, all four elements are met. Initially, the record indicates that Lois Olson and Frances Murphy were the grantees of the property in question under a warranty deed executed by the decedent during her lifetime. Grantees are in clear privity with their grantors and are entitled to a judgment entered in the grantor's favor if the judgment was prior to the conveyance of the property. *Gilman v. Osborn,* 78 N.M. 498, 433 P.2d 83 (1967). The warranty deed was not executed until the day after the issuance of the final decree. As to the presence of Clifford Olson and decedent's estate as defendants, there is some question as to whether they are proper parties to the suit. Regardless of their status as proper parties, we fail to see how these defendants would not be in privity with decedent since all claims to the residence would arise by virtue of the deed from decedent.

Secondly, the issue in the instant action is whether and to what extent an equitable lien exists. This subject matter was inextricably involved in the prior dissolution proceeding as evidenced by the decree which expressly effects a complete equitable division of property (including the residence) approved by the district court. Thirdly, the capacity or character of the persons involved, insofar as claims of ownership or interest in the residence is concerned, is the same in the instant action as in the prior dissolution proceeding.

The question concerning the identity of the causes of action is resolved by reference to *Three Rivers Land Co. v. Maddoux* and the Restatement (Second) of Judgments (1980). In *Three Rivers* this Court considered the composition of a cause of action for purposes of applying res judicata. The Restatement rules set forth in Sections 24 and 25 were adopted as guidelines and are thus applicable here in determining whether the same cause of action was involved in both suits. Under these rules, a cause of action is to be viewed in the context of the transaction from which it arose without regard to the various legal theories that may be available to the parties. A claim is essentially equated with the transaction from which it springs.

The Restatement illuminates the process for determining the scope of a transaction.

Section 24 of the Restatement, *supra,* provides in part:

(2) What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Applying these factors it first appears that the facts of the two suits are related. Both suits involve litigation of property rights in the residence. Since there were no issues of child support or alimony in the prior action, it primarily involved, apart from the actual dissolution of marriage, a full and final determination of the property rights of the parties. As previously indicated, the greatest detail in the stipulated final decree was reserved for those paragraphs involving the distribution of property between the parties, including the residence. The witnesses or proof in the equitable lien action as to whether Myers performed improvements on his former wife's residence would substantially overlap the witnesses or proof relevant to the equitable distribution of property in the dissolution action. This indicates that the lien action should be precluded. Restatement, *supra,* § 24 comment b, p. 199.

It is also evident that proof of related facts common to both suits would form a convenient trial unit conforming to the parties' expectations. Questions regarding the existence of equitable liens on real property are commonly resolved in dissolution proceedings in the district courts. No tenable argument has been offered in this case which shows that the existence of any asserted lien was not conclusively determined by the parties or that such an issue could not have been conveniently raised during the dissolution action. Both parties had the advice of counsel of their choice and the opportunity to raise any issue concerning the equitable distribution of property prior to entering into the stipulation

and acknowledging the final decree. At the time of the dissolution proceeding Mr. and Mrs. Myers certainly had every reason to expect that the detailed stipulated final decree would finally resolve all property issues concerning the items of property covered by the decree.

Res judicata is not inapplicable here simply because Myers now relies on equitable lien and unjust enrichment theories of recovery which were not raised in the prior dissolution action. The difference in legal theories is of little significance since the focus of the Restatement approach is on the particular transaction involved and the claim arising therefrom regardless of the legal theories that may apply. Restatement, *supra,* § 24 comment c. The Restatement approach "puts some pressure on the plaintiff to present all his material relevant to the claim in the first action; this is similar to the coercion on the defendant to produce all his defenses * * * *" Restatement, *supra,* § 25 comment a. Under these guidelines Myers should have presented all evidence, grounds, theories and remedies or forms of relief concerning his asserted equitable lien claim in the prior dissolution proceeding wherein property interests in the residence were being determined.

 The application of res judicata having been established, we conclude that plaintiff Myers is barred from pursuing his present claim. This conclusion is supported by the fact that judgments on stipulations and consent judgments generally are accorded res judicata effect as to claims determined therein. 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4443 (1981). Properly authorized and acknowledged consent judgments and judgments rendered on stipulations are conclusive of all claims determined therein and may not be collaterally attacked by the parties thereto. *Klinker v. Klinker,* 132 Cal.App.2d 687, 283 P.2d 83 (1955); *Grossman v. Will,* 10 Wash.App. 141, 516 P.2d 1063 (1973); *see Lemon v. Morrison-Knudsen Co.,* 58 N.M. 830, 277 P.2d 542 (1954);

*cf. Bradford v. Bronner*, 665 F.2d 680 (5th Cir.1982) (settlement of a claim in state court resulting in dismissal of action with prejudice bars a subsequent action on the same claim in federal court). Thus a final dissolution decree which rests on or incorporates a stipulation between the parties as to property rights is res judicata as to a subsequent action by either party on a claim determined by the prior decree. *Hardy v. Bankers Life and Casualty Co.*, 232 F.2d 205 (7th Cir.), *cert. denied*, 351 U.S. 984, 76 S.Ct. 1051, 100 L.Ed. 1498 (1956).

Plaintiff's argument that our recent decision in *Portillo v. Shappie*, 97 N.M. 59, 636 P.2d 878 (1981) mandates a contrary result is unpersuasive. The opinion in *Portillo* admittedly allowed the husband to maintain an equitable lien claim after the wife deeded her separate property residence to her daughters. However, in *Portillo* there was no prior dissolution proceeding. The separate property owner died while still married to the lien claimant. Property rights in the residence were thus not litigated prior to the assertion of the equitable lien claim. In the instant case a prior dissolution involving a full and final settlement of all property rights preceded the lien claim.

Myers' contention that NMSA 1978, Section 40-4-20 (Repl.Pamp.1983) and *Zarges v. Zarges*, 79 N.M. 494, 445 P.2d 97 (1968) specifically allow his equitable lien claim is also without merit. Under Section 40-4-20 and *Zarges*, where property rights are not considered or disposed of in a dissolution action, a subsequent suit seeking division and distribution may be maintained by either party. Here the residence was not overlooked. Rather, the decree specifically disposed of the house and lot. *Zarges* and Section 40-4-20 are therefore inapplicable.

The doctrine of res judicata bars Myers from pursuing his equitable lien claim since all property rights in the residence were finally determined in the prior dissolution proceeding wherein he had a full and fair opportunity to vigorously pursue that claim.

The district court is affirmed. Each party is to bear its own costs and attorneys fees on appeal.

IT IS SO ORDERED.

PAYNE and STOWERS, JJ., concur.