744 P.2d 557

**Tom CARTER, Plaintiff–Appellant,**

v.

**Jerry THURBER, et al.,
Defendants–Appellees.**

**No. 10097.**

Court of Appeals of New Mexico.

Oct. 6, 1987.

Gary Fernandez, Grants, for plaintiff-appellant.

M. Clea Gutterson, Gallagher & Casados, P.C., Albuquerque, for defendants-appellees.

## OPINION

BIVINS, Judge.

Plaintiff appeals from a summary judgment dismissing with prejudice his state court action as against defendants Jerry Thurber and the City of Grants. The trial court determined as a matter of law that plaintiff's claims against those defendants were barred under the doctrine of res judicata by reason of a prior dismissal for lack of prosecution in a federal district court case.

Plaintiff raises two issues on appeal. First, plaintiff maintains that summary judgment could not be awarded on the basis of res judicata without the federal court action being made a part of the record. Second, relying on *Myers v. Olson*, 100 N.M. 745, 676 P.2d 822 (1984), plaintiff argues that because the state court action was filed first, a subsequent judgment entered in the federal court action could not bar prosecution. Defendants counter, arguing that plaintiff waived the lack of record or invited error; that summary judgment is supported by the record; that because the federal court action was adjudicated first, it bars prosecution; and that plaintiff's failure to include the record on appeal is fatal. Alternatively, defendants ask that the case be remanded.

Under the circumstances of this case, we hold that the lack of a record does not preclude summary judgment and that final adjudication in the federal suit barred further action in the state court. Accordingly, we affirm.

In his complaint in this action, plaintiff sought damages from his former employer, the City of Grants, and its chief of police, Jerry Thurber, for alleged activities that plaintiff claims prevented him from gaining employment after his termination from the Grants Police Department. Defendants Thurber and the City of Grants moved for summary judgment, attaching to their motion a copy of an order of dismissal by the

United States District Court for the District of New Mexico, entered on January 25, 1985, the style of which names the same parties as before the trial court and before us on appeal. Defendants claimed the dismissal for lack of prosecution under Fed.R.Civ.P. 41(b) amounted to a final adjudication on the merits and barred further prosecution in the state court under the doctrine of res judicata.

 Plaintiff contends that, other than the order of dismissal, none of the remainder of the federal court's proceedings was before the trial court and, therefore, genuine issues of material fact existed that precluded summary judgment. Ordinarily, the lack of a record precludes review, *see, e.g., Adams v. Loffland Brothers Drilling Co.*, 82 N.M. 72, 475 P.2d 466 (Ct.App.1970), and summary judgment can only be granted upon clear and undisputed facts. *Sweenhart v. Co-Con, Inc.*, 95 N.M. 773, 626 P.2d 310 (Ct.App.1981). Where, however, a party opposing summary judgment limits his opposition, as was done here, to only one issue that did not require a determination of facts, only their legal effect, and so advised the trial court, he cannot be heard to complain on appeal. *See Dollarhide v. Gunstream*, 55 N.M. 353, 233 P.2d 1042 (1951).

At the hearing, plaintiff objected when defense counsel started to describe the nature of the federal court action; however, no ruling was made. Defendants' counsel proceeded to describe that suit as involving a discrimination action growing out of the same facts alleged in this action. When plaintiff's counsel responded, he briefly summarized the two actions as "stemming from the activities [of] Mr. Thurber * * * after Mr. Carter was dismissed."

Plaintiff's second point assumes a proper record would show that the federal action was a discrimination suit involving his termination from the Grants Police Department and defendants' action following that termination. Thus, plaintiff does not dispute what the federal record discloses; only the fact that such record was not before the state district court when summary judgment was granted. We are compelled to inquire what prejudice results when the facts are not challenged? We could send the matter back to allow defendants to refile their motion to attach the federal court pleadings. It seems a waste of judicial resources to do so when plaintiff does not question what the pleadings reveal. Absent a legitimate reason to remand, we accomplish nothing and would only cause delay. *See Hester v. Hester*, 100 N.M. 773, 676 P.2d 1338 (Ct.App.1984) (no remand necessary where trial court made findings after notice of appeal filed).

██ Plaintiff correctly argues that in order to dismiss under res judicata there must be an identity of parties or privies; identity of capacity or character of persons for or against whom the claim is made; the same cause of action; and same subject matter. *Three Rivers Land Co. v. Maddoux*, 98 N.M. 690, 652 P.2d 240 (1982), *overruled on other grounds, Universal Life Church v. Coxon*, 105 N.M. 57, 728 P.2d 467 (1986). Not once, however, did plaintiff dispute that the elements of identity of the parties, subject matter or cause of action had been met. Nor did he object to the trial court reviewing the federal court complaint that was provided by defendants, but which did not get into the record. Finally, plaintiff did not contend below that he had been deprived of "a full and fair opportunity to litigate all issues arising out of [his] claim." *Myers v. Olson*, 100 N.M. at 747, 676 P.2d at 824. While quoting language to this effect in his appellate brief, plaintiff provided no further discussion.

██ That plaintiff's only argument focused on the time of filing is made clear by the following:

THE COURT: Is there anything further? Mr. Fernandez, rather than—right now this is your only argument as to her motion, and that's the case of *Myers v. Olson?*

MR. FERNANDEZ: That's correct, Your Honor.

THE COURT: Okay.

MR. FERNANDEZ: It's based on the subsequent action. Res judicata applies

certainly to the subsequent actions, but not to the acts pending at the same time.

There may be other grounds, but not specifically for that reason.

THE COURT: Counsel, thank you. If there's nothing further, you're both excused. Thank you.

MR. FERNANDEZ: Thank you, Your Honor.

Plaintiff maintains that because the state court action was filed before the federal case, it does not constitute a "subsequent suit" and, thus, res judicata is inapplicable. In support of this claim, plaintiff cites to language in *Myers v. Olson.*

We do not read *Myers v. Olson* as narrowly as plaintiff. In that case, the supreme court said, "Under the doctrine of res judicata, a prior judgment on the merits bars a *subsequent* suit involving the same parties or privies based on the same cause of action." *Id.,* 100 N.M. at 747, 676 P.2d at 824 (emphasis added). The supreme court went on to say that the rationale for the application of the doctrine is to protect individuals from the burden of multiple litigation, "to promote judicial economy, and to promote the policy favoring reliance on final judgments by minimizing the possibility of inconsistent decisions." *Id.* Plaintiff does not tell us how that rationale would be affected by which suit was filed first.

In *Day v. Wiswall's Estate,* 93 Ariz. 400, 381 P.2d 217 (1963) (En Banc), the Arizona Supreme Court held that if two actions involving the same issues and parties are pending at the same time when a judgment in one becomes final, it may be raised in bar of the other, regardless of which action was begun first.

The order in the federal suit was a final adjudication and effectively barred the present suit. *See* Fed.R.Civ.P. 41(b); 5 J. Moore, J. Lucas & J. Wicker, *Moore's Federal Practice* ¶ 41.14 at 41–196 (2d ed. 1986); *Curry v. Educoa Preschool, Inc.,* 580 P.2d 222 (Utah 1978).

Summary judgment is affirmed. Plaintiff shall bear the costs of appeal.

IT IS SO ORDERED.

DONNELLY, C.J., and GARCIA, J., concur.