757 P.2d 803

**Kenneth NOSKER, Plaintiff–Appellee, Cross–Appellant,**

v.

**TRINITY LAND COMPANY, Defendant–Appellant, Cross–Appellee.**

**No. 8479.**

Court of Appeals of New Mexico.

April 21, 1988.

S. Thomas Overstreet, P.C., Alamogordo, for plaintiff-appellee, cross-appellant.

Norman D. Bloom, Jr., Darrell N. Brantley, Fettinger, Bloom & Brantley, Alamogordo, for defendant-appellant, cross-appellee.

## OPINION

DONNELLY, Chief Judge.

Defendant Trinity Land Company (Trinity) appeals from the trial court's award of $25,000.00 in damages in favor of plaintiff Kenneth Nosker (Nosker) based upon a determination that Nosker owned certain irrigation equipment which Trinity wrongfully converted to its own use. We discuss: (1) whether Nosker's claim was barred by res judicata; (2) whether the items of irrigation equipment were fixtures; and (3) whether the trial court's finding of conversion is supported by substantial evidence.

This case has been submitted for decision by the court following its submission to an advisory panel pursuant to an experimental plan. *See Patterson v. Environmental Improvement Div.*, 105 N.M. 320, 731 P.2d 1364 (Ct.App.1986); *Stoll v. Dow*, 105 N.M. 316, 731 P.2d 1360 (Ct.App.1986). A majority of the panel rendered a decision reversing the trial court. Nosker filed a response memorandum opposing the proposed disposition. This court has considered the transcript and briefs, together with the opinions of the advisory committee and the response memorandum. We adopt the recommendation of the majority as modified and reverse the decision of the trial court.

Nosker was the owner of "Three Rivers Farm" in Otero County, New Mexico. In 1975, Trans Union Leasing Corporation (Trans Union) leased irrigation equipment to Nosker, James L. Wimberly, and James L. Wimberly Enterprises, Inc. Shortly thereafter, the irrigation equipment was installed on the property. In March 1977, Nosker sold the farm to Don and Jacquelyn Maddoux (Maddoux) by real estate contract. Nosker and Wimberly executed an assignment of their interest in the equipment lease. Maddoux then took possession of the irrigation equipment. Neither the lease nor any notice under the Uniform Commercial Code has ever been filed with the Otero County Clerk.

In June 1977, Maddoux executed a promissory note, secured by a mortgage on the real property, in favor of Crocker National Bank of San Francisco (Crocker). Maddoux defaulted on the note and, in January 1979, Crocker instituted foreclosure proceedings. Trans Union, a named defendant in the foreclosure proceedings, failed to file an answer and a default judgment was entered against it.

In February 1979, Maddoux entered into a contract to sell the farm and all associated equipment to Three Rivers Land Company, Inc. (Three Rivers) and Marvel Engineering (Marvel). When Maddoux refused to close the contract, Three Rivers and Marvel sued and obtained a preliminary injunction compelling conveyance of the property. Warranty deeds to the farm and a bill of sale purporting to convey the irrigation system and personal property on the farm, to the purchasers, were executed. Thereafter, the district court dissolved the preliminary injunction and revoked the deeds because specific performance was rendered impossible by the foreclosure proceedings initiated by Crocker. No appeal was taken from the judgment in the foreclosure action.

In October 1979, Crocker purchased the farm at the foreclosure sale, and then sold it to Trinity. When Trans Union failed to receive payments under the equipment lease entered into with Nosker and Wimberly, Trans Union terminated the lease and sued Nosker for the unpaid balance of monies due under the equipment lease. In settlement of that lawsuit, on December 3, 1981, Trans Union executed a quitclaim bill of sale for the irrigation equipment to Nosker in exchange for certain monies. Nosker then brought this suit against Trinity, claiming Trinity wrongfully converted the irrigation equipment to its own use. Trinity defended, arguing that Nosker's claim was barred by res judicata through Trans Union's loss of title to the irrigation equipment in the foreclosure suit, and claiming that it had obtained title to the irrigation equipment pursuant to the foreclosure sale. The trial judge found that Nosker's claim was not barred by res judicata and that Trinity had converted the

irrigation equipment. The trial judge awarded Nosker $25,000.00 in damages but denied interest on the damage award and denied attorney fees.

## I. CLAIM OF RES JUDICATA

Trinity argues on appeal that the trial court erred in concluding that Nosker's claim was not barred by res judicata. Specifically, Trinity claims that the prior foreclosure proceeding precludes this action because the parties are in privity, the cause of action is the same, and because there was a final decision on the merits in the prior foreclosure action adjudicating the matters involved herein. Nosker responds that his claim was not barred by res judicata because the subject matter of the two suits differed. Nosker maintains that the present action concerns irrigation equipment which was outside the subject matter involved in the foreclosure action. We agree.

■ Under the doctrine of res judicata, a prior judgment on the merits bars a subsequent suit involving the same parties or privies based on the same cause of action. *Myers v. Olson,* 100 N.M. 745, 676 P.2d 822 (1984). Ordinarily, res judicata will preclude a claim where there has been a full and fair opportunity to litigate issues arising out of that claim. *Montana v. United States,* 440 U.S. 147, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979); *Slide–A–Ride of Las Cruces, Inc. v. Citizens Bank of Las Cruces,* 105 N.M. 433, 733 P.2d 1316 (1987). For res judicata to apply, the traditional rule is that the two actions must involve circumstances wherein: (1) the parties are the same or in privity; (2) the two causes of action are substantially the same; (3) there has been a final decision in the first suit; and (4) the first decision was adjudicated on the merits. *Slide–A–Ride of Las Cruces, Inc. v. Citizens Bank of Las Cruces; First State Bank v. Muzio,* 100 N.M. 98, 666 P.2d 777 (1983).

Here, there is no dispute that the parties were in privity and that there was a final decision rendered on the merits in the foreclosure action. The main point of conten-

tion, therefore, is whether the cause of action in the two proceedings is substantially the same.

■ In addressing the issue concerning whether or not there is an identity of the two causes of action, we look to the *Restatement (Second) of Judgments* (1982). Under the rule set forth in Section 24[1] thereof, a cause of action is examined in light of the underlying transaction which gave rise to the litigation, without regard to the various legal theories that may be available to the parties. Accordingly, a claim is essentially equated with the transaction from which it springs. *Id.*`

■ Applying the factors specified in Section 24, we agree that the suit herein is not barred by principles of res judicata. The trial court found, in part:

45. [Trinity] did not purchase the Equipment at the Crocker foreclosure sale. The notice of foreclosure and the special master's bill of sale obtained by [Trinity] pursuant to the Crocker foreclosure sale * * *, though lists similar equipment, does not include the Equipment to [Nosker].

46. The Equipment did not become part of the real estate that was the subject matter of the Crocker foreclosure suit.

In its appeal herein, Trinity failed to specifically challenge the above key findings of fact. These findings are supported by substantial evidence. Findings of fact adopted by the trial court and not directly attacked on appeal must be accepted as true by the reviewing court. *City of Roswell v. Reynolds*, 86 N.M. 249, 522 P.2d 796 (1974); *State ex rel. State Highway Comm'n v. Sherman*, 82 N.M. 316, 481 P.2d 104 (1971); *Scott v. Jordan*, 99 N.M. 567, 661 P.2d 59 (Ct.App.1983). A reviewing court is bound by findings not specifically attacked by an

appellant. *Drake v. Rueckhaus*, 68 N.M. 209, 360 P.2d 395 (1961); *see* SCRA 1986, 12–213(A)(3).

The doctrine of res judicata does not bar Nosker's claim because the unchallenged findings are conclusive in determining that Trinity did not purchase the equipment at the foreclosure sale, either as a fixture to the real property or as personal property. Thus, the causes of action in this suit and the foreclosure suit are not the same because the subject matter is not the same.

## II. CLAIM OF CONVERSION

We jointly discuss the second and third issues raised by Trinity on appeal.

Trinity argues that the trial court's determination that it converted the irrigation equipment is not supported by substantial evidence. Specifically, Trinity contends that an action for conversion will not lie because any exercise of dominion and control or use of the equipment by Trinity occurred at a time when Nosker no longer had a possessory interest in the property. Trinity also maintains that an action for conversion based upon Nosker's interest in the equipment lease with Trans Union could not exist because Nosker had previously assigned his interest to Maddoux and because Trans Union had terminated the equipment lease in 1980. Trinity also asserts that there was no conversion based upon Nosker's interest under the bill of sale executed by Trans Union because Nosker failed to make a timely demand upon Trinity thereafter for a return of the equipment. We agree.

■ Conversion is defined as the unlawful exercise of dominion and control over personal property belonging to another in exclusion or defiance of the owner's rights, or acts constituting an unauthorized

---

1. Section 24 provides:

(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar ..., the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

(2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

and injurious use of another's property, or a wrongful detention after demand has been made. *Bowman v. Butler,* 98 N.M. 357, 648 P.2d 815 (Ct.App.1982); *Taylor v. McBee,* 78 N.M. 503, 433 P.2d 88 (Ct.App. 1967). The elements of the tort of conversion by demand and refusal are: (1) that the plaintiff had the right of possession of personal property; (2) that the plaintiff demanded that the defendant return the property to plaintiff; and (3) that the defendant refused to return the property to plaintiff. *See Restatement (Second) of Torts* § 237 (1965); 1 F. Harper, F. James & O. Gray, *The Law of Torts* § 2.27 (2d ed. 1986).

■ At the outset we note that the failure to challenge the trial court's finding of fact no. 46 establishes, for purposes on appeal, that the irrigation equipment did not become part of the real estate that was the subject matter of the foreclosure suit; the irrigation equipment remained personal property and was not a fixture, and hence, was not subject to foreclosure under the real estate mortgage. *See First Nat'l Bank of Aberdeen v. Jacobs,* 273 N.W.2d 743 (S.D.1978); *G E C C Leasing Corp. v. Berkshire Life Ins. Co.,* 226 So.2d 231 (Fla. App.1969); *see also* R. 12–213(A)(3) (appellant must set forth a specific attack on any finding or such shall be deemed conclusive). An action for conversion will lie when the item allegedly converted is personal property. *See Bowman v. Butler; Taylor v. McBee.*

■ On appeal, this court views the evidence in the light most favorable to the trial court's decision and disregards all evidence and inferences to the contrary. *See Clovis Nat'l Bank v. Harmon,* 102 N.M. 166, 692 P.2d 1315 (1984); *Trujillo v. Romero,* 82 N.M. 301, 481 P.2d 89 (1971). The reviewing court may not reweigh the evidence or substitute its judgment for that of the trier of fact. *Sanchez v. Homestake Mining Co.,* 102 N.M. 473, 697 P.2d 156 (Ct.App.1985). The issue is not whether there is evidence to support an alternative result but, rather, whether the trial court's result is supported by substantial evidence. *Bagwell v. Shady Grove Truck Stop,* 104

N.M. 14, 715 P.2d 462 (Ct.App.1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Schober v. Mountain Bell Tel.,* 96 N.M. 376, 630 P.2d 1231 (Ct.App.1980).

■ In order to recover damages for conversion, a plaintiff must have a right to immediate possession of the property. Such a right is generally based on some form of ownership interest. *See Stephen v. Phillips,* 101 N.M. 790, 689 P.2d 939 (Ct.App.1984); *Aragon v. General Elec. Credit Corp.,* 89 N.M. 723, 557 P.2d 572 (Ct.App.1976). Here, the evidence fails to establish that Nosker had a possessory or ownership interest in the equipment at the time of the alleged conversion.

■ The evidence reveals, and the trial court found, that Nosker assigned his interest in the equipment lease to Maddoux. If Nosker obtained any right of possession subsequent to this assignment, it was not until he received a quitclaim bill of sale from Trans Union in December 1981.[2] Since Nosker did not have a right to possess the irrigation equipment between March 1977 (time of assignment) and December 1981 (time of quitclaim bill of sale), any use or disposition of the irrigation equipment during this time by Trinity did not give rise to a valid cause of action in Nosker. *See O'Dell v. Garrett,* 82 N.M. 240, 478 P.2d 568 (Ct.App.1970), *cert. denied,* 404 U.S. 822, 92 S.Ct. 43, 30 L.Ed.2d 50 (1971) (since neither title nor right to possession of United States bonds were in plaintiff, his action in conversion was not maintainable); *Kruger v. Horton,* 106 Wash.2d 738, 725 P.2d 417 (1986) (en banc) (absent express reservation to retain interest in timber, vendors did not have right to possession and could not maintain an action for conversion). The record fails to indicate that there was any use or disposition of the irrigation equipment by Trinity after execution of the quitclaim bill of sale due to the trial court's unchallenged finding of fact no. 39 that "the [farm] has remained

---

**2.** We do not discuss the interest Nosker received

upon execution of the quitclaim bill of sale.

vacant since 1980 and the irrigation system has lain idle on the farm * * *."

Moreover, Nosker failed to make a timely demand upon Trinity for the return of the equipment. In order to be sufficient, a demand for return of personal property must be made after plaintiff's right of possession has accrued, and while plaintiff has the right of immediate possession. *See McCartney v. Foster*, 150 Colo. 537, 374 P.2d 704 (1962). Nosker testified at trial that he did not make demand on Trinity after execution of the bill of sale. Where demand and refusal are relied on as the sole evidence of conversion, or where a defendant is rightfully in possession of property, the demand must be made before the action for conversion is brought. *Cf. Champion Ventures, Inc. v. Dunn*, 567 P.2d 724 (Wyo.1977), *appeal after remand*, 593 P.2d 832 (Wyo.1979); *City Loan Co. v. State Credit Ass'n*, 5 Wash.App. 560, 490 P.2d 118 (1971).

The judgment of the trial court awarding Nosker damages is reversed and remanded for dismissal of the cause of action against Trinity. The cross-appeal is denied. In view of our disposition, we do not reach the other issues raised on appeal. Trinity is awarded its costs on appeal. We deem oral argument unnecessary. *See Garcia v. Genuine Parts Co.*, 90 N.M. 124, 560 P.2d 545 (Ct.App.1977).

The court acknowledges the aid of attorneys Thomas B. Stribling, III, Chris Key, and Geoffrey Rieder in the preparation of this opinion. These attorneys constituted an advisory committee selected by the chief judge of this court, and we express our gratitude to them for volunteering their services.

IT IS SO ORDERED.

BIVINS and GARCIA, JJ., concur.