39 F.3d 1191
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Carlos GONZALES and Lorraine Gonzales, as parents and next
friend of Valentina Gonzales, a minor, Plaintiffs-Appellants,
v.
MOUNTAINAIRE PUBLIC SCHOOLS, a Political subdivision of
Mountainaire; Jane Doe Martin; John Doe White and Jane Doe
White, as natural guardians and next best friends of Timothy
White, Defendants-Appellees.
 No. 93-2297.
 United States Court of Appeals, Tenth Circuit.
 Oct. 31, 1994.
 
 1
 Before MOORE and ANDERSON, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiffs Carlos and Lorraine Gonzales, as parents and next friends of their daughter, Valentina, appeal the district court's dismissal of their civil rights action against defendants Mountainaire Public Schools (Mountainaire), Jane Doe Martin, and John and Jane Doe White, as parents and next friends of Tim White. Because New Mexico school districts are arms of the state protected by the Eleventh Amendment, we affirm the dismissal of the action against Mountainaire and Ms. Martin, in her official capacity. Because the allegations against Ms. Martin in her individual capacity do not state a constitutional claim, we affirm the dismissal of the 1983 claim against her. Finally, because the complaint sufficiently alleged that Tim White was a state actor, we reverse and remand the claim against his parents, John and Jane Doe White.
 
 I.
 
 4
 When the events in question took place, Valentina Gonzales was a five-year-old kindergarten student attending school in the Mountainaire Public School District. Jane Doe Martin was Valentina's teacher, and Tim White was a teacher's aide in the kindergarten classroom. On February 6, 1991, Ms. Martin took most of the class to recess, leaving the remaining children, including Valentina, in Mr. White's care. The complaint alleges that Mr. White had a history of sexually molesting small children, and that Ms. Martin knew or should have known of this history. Mr. White allegedly molested Valentina when she was left in his care.
 
 
 5
 Plaintiffs brought a state court action against Mountainaire, Ms. Martin, and Tim White, by and through his parents. In addition to several state law claims of negligence and battery, the suit sought damages, pursuant to 42 U.S.C.1983, for the violation of Valentina's due process rights. Defendants Mountainaire and Ms. Martin removed the action to federal court and then moved to dismiss the action against all defendants.
 
 
 6
 The district court dismissed the action against Mountainaire and Ms. Martin, in her official capacity, because the school district was an arm of the state protected by the Eleventh Amendment. The court then dismissed the substantive due process claims against all parties, holding that the due process clause did not impose an affirmative duty to protect a school child from harm. The court also found the complaint insufficient to allege that Tim White was a state actor. Declining to exercise pendent jurisdiction over the state law claims, the district court remanded the case to the state court for further proceedings. This appeal followed.
 
 
 7
 Plaintiffs argue that the district court erred in finding that the Eleventh Amendment prohibited the federal lawsuit against Mountainaire and Ms. Martin; that the complaint alleges a substantive due process claim against both Ms. Martin, individually, and Tim White; and that the complaint alleged sufficiently that Tim White was a state actor. These issues involve questions of law which we review de novo. Estate of Holl v. Commissioner, 967 F.2d 1437, 1438 (10th Cir.1992). Before addressing these issues, however, we must examine whether we are precluded from deciding the appeal by res judicata.
 
 II.
 
 8
 After this appeal was filed, the state court dismissed the plaintiffs' remaining claims, holding that Mountainaire and Ms. Martin, in her official capacity, were not "persons" within the meaning of 1983, and that plaintiffs' tort claims were not recognizable. The state court then purported to rule on the 1983 claim against Ms. Martin individually, holding that she was entitled to qualified immunity because the allegations did not show a violation of clearly established law.
 
 
 9
 Defendant argues that plaintiffs' failure to appeal the state court decision made it a final judgment on all issues arising out of the underlying incident, and that we are precluded from deciding this appeal. Pursuant to 28 U.S.C. 1738, we are required to give a state judgment preclusive effect "whenever the courts of the State from which the judgments emerged would do so." Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984)(quoting Allen v. McCurry, 449 U.S. 90, 96 (1980)). An examination of New Mexico law convinces us that the appeal is not precluded.
 
 
 10
 "Under the doctrine of res judicata, a prior judgment on the merits bars a subsequent suit involving the same parties ... based on the same cause of action." Nosker v. Trinity Land Co., 757 P.2d 803, 806 (N.M. Ct.App.), cert. denied, 755 P.2d 605 (N.M.1988). To protect individuals from the burden of litigating successive lawsuits, the doctrine requires a party to present all his claims and legal theories in a single proceeding. See Myers v. Olson, 676 P.2d 822, 824-25 (N.M.1984). New Mexico has a straightforward rule, however, that res judicata bars a subsequent claim only when there was a full and fair opportunity to litigate the claim in the earlier proceeding. Slide-A-Ride of Las Cruces, Inc. v. Citizens Bank, 733 P.2d 1316, 1320 (N.M.1987); Myers, 676 P.2d at 824; City of Las Vegas v. Oman, 796 P.2d 1121, 1128 (N.M. Ct.App.), cert. denied, 795 P.2d 87 (N.M.1990); Nosker, 757 P.2d at 806.
 
 
 11
 Here, plaintiffs did not attempt to split their cause of action into successive lawsuits. Instead, as required, they brought all their claims in a single lawsuit, and it was only through the actions of defendants Mountainaire and Ms. Martin that the suit was eventually bifurcated, with the federal court determining some issues and the state court determining others. More importantly, the issues regarding plaintiffs' substantive due process claim and the status of the school district as an "arm of the state" had already been decided by the federal court and were not before the state court. Therefore, plaintiffs could not have had a full and fair opportunity to litigate these issues in the state court proceeding, and the state court judgment does not preclude our review on appeal.
 
 III.
 
 12
 Plaintiffs argue that the district court erred in concluding that Mountainaire is an arm of the state entitled to Eleventh Amendment protection. The Eleventh Amendment prohibits the federal court from entertaining an action against a state or its agencies. Garcia v. Board of Educ. of Socorro Consol. Sch. Dist., 777 F.2d 1403, 1407 (10th Cir.1985), cert. denied, 479 U.S. 814 (1986). A school district may be entitled to this immunity if it is an "arm of the state," as determined by applying the factors identified by the Supreme Court in Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 280 (1977). Ambus v. Granite Bd. of Educ., 995 F.2d 992, 994 (10th Cir.1993). We have already determined that New Mexico school districts are "arms of the state," based on the state's constitutional and statutory provisions. Martinez v. Board of Educ., 748 F.2d 1393, 1396 (10th Cir.1984); see also Garcia, 777 F.2d at 1407. As this conclusion was reached by applying the Mt. Healthy factors, our opinion in Ambus does not require us to reconsider the status of New Mexico school districts. The district court was correct, therefore, in dismissing all claims against Mountainaire.
 
 
 13
 The court was also correct in dismissing the claims against Ms. Martin, in her official capacity, based on the Eleventh Amendment. "[A] suit in federal court against the members of a state ... agency acting in their official capacities is a suit against the ... agency itself, and is subject to the eleventh amendment immunity restriction." Garcia, 777 F.2d at 1407. As the school district is an "arm of the state," the action against the teacher in her official capacity was an action against the state as well, requiring dismissal.
 
 IV.
 
 14
 Plaintiffs argue that Ms. Martin had a duty to protect Valentina from harm based on the special relationship between the teacher and student. Plaintiffs premise this duty to protect on the "custodial relationship" created by New Mexico's compulsory education laws. We have already considered and rejected this argument in Maldonado v. Josey, 975 F.2d 727, 732 (10th Cir.1992), cert. denied, 113 S.Ct. 1266 (1993), where we held that "compulsory attendance laws do not create an affirmative constitutional duty to protect students from the private actions of third parties." See also Graham v. Independent Sch. Dist. No. I-89, 22 F.3d 991, 994-95 (10th Cir.1994)(holding that compulsory attendance laws do not create special relationship even when school officials know of a particular foreseeable danger to students).
 
 
 15
 Plaintiffs also argue that Ms. Martin could be held liable based on Stoneking v. Bradford Area School District, 882 F.2d 720 (3rd Cir.1989), cert. denied, 493 U.S. 1044 (1990), in which a student was sexually assaulted by a teacher about whom the principal had received prior complaints. The court held that the school officials could be liable for establishing and maintaining with deliberate indifference a policy, practice or custom of ignoring the prior complaints of sexual misconduct, which directly caused harm to the student who was assaulted. Id. at 730.
 
 
 16
 Stoneking does not provide a basis for imposing liability on Ms. Martin. There is no evidence that Ms. Martin was in a policy-making position, and, in fact, the Complaint refutes such a claim by stating that Ms. Martin's act of leaving Mr. White in charge was "against the written policy of [Mountainaire]." Appellants' App. at 2.
 
 
 17
 Finally, plaintiffs appear to argue that a duty to protect arose from Ms. Martin's affirmative action of placing Tim White in charge, thus directly creating the danger of harm to Valentina. We have noted that a state may have a duty to protect a student when the state, through affirmative conduct, creates a dangerous situation or renders the student more vulnerable to harm. Graham, 22 F.3d at 995 (citing Reed v. Gardner, 986 F.2d 1122, 1125 (7th Cir.), cert. denied, 114 S.Ct. 389 (1993) and L.W. v. Grubbs, 974 F.2d 119, 121 (9th Cir.1992), cert. denied, 113 S.Ct. 2442 (1993)); see also Medina v. City & County of Denver, 960 F.2d 1493, 1497 n. 5 (10th Cir.1992).
 
 
 18
 To state a claim under this theory, "it is not enough to show that the state increased the danger of harm from third persons; the 1983 plaintiff must also show that the state acted with the requisite culpability in failing to protect the plaintiff." Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 531 (5th Cir.1994). The due process clause protects only against "deliberate" deprivations of life, liberty or property by a government official. Daniels v. Williams, 474 U.S. 327, 331 (1986). It is not enough that a defendant may have acted negligently, or even that the defendant committed an act of gross negligence. See Woodward v. City of Worland, 977 F.2d 1392, 1399 & n. 11 (10th Cir.1992), cert. denied, 113 S.Ct. 3038 (1993); Berry v. City of Muskogee, 900 F.2d 1489, 1495-96 (10th Cir.1990). The deliberateness requirement may be satisfied by showing reckless intent, that is, by showing that the defendant was "aware of a known or obvious risk that was so great that it was highly probable that serious harm would follow and he or she proceeded in conscious and unreasonable disregard of the consequences." Medina, 960 F.2d at 1496; Berry, 900 F.2d at 1496.
 
 
 19
 Here, the complaint alleges only that Ms. Martin's conduct "constitute[d] negligence and/or gross negligence to the point of reckless indifference of the due process rights of Valentina." Appellants' App. at 7. The facts alleged do not demonstrate that the teacher consciously and deliberately ignored a risk of harm to Valentina, or that the risk of leaving Tim White with the children was so great as to constitute a high probability that serious harm would follow. Although Ms. Martin may have been negligent, or even grossly negligent, in leaving Tim White unsupervised with the children, the complaint does not state a substantive due process claim and the 1983 claim was properly dismissed.
 
 V.
 
 20
 The district court dismissed the 1983 claim against Tim White upon finding the allegations in the complaint "plainly inadequate" to demonstrate his status as a state actor. "[A] complaint should not be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Sawyer v. County of Creek, 908 F.2d 663, 667 (10th Cir.1990)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).
 
 
 21
 In Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982), the Supreme Court held that a person may be characterized as a state actor "because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." Here, plaintiffs' complaint delineates Mr. White as a "teacher's aide" in the kindergarten class, criticizes the school board for allowing Mr. White to "work in its school ... as a teacher's aide," and alleges that the harm took place when the teacher left the children in Mr. White's care. Appellants' App. at 2-3, 5-6. Based on these allegations, it appears that Tim White was either a state employee, or was a private actor empowered and authorized by the state to perform certain functions traditionally performed by state actors. The complaint, therefore, alleges facts sufficient to state a claim against Tim White as a state actor.
 
 
 22
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470