**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 23, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PETER MAMBO,

      Plaintiff-Appellant,

v.

LARRY VEHAR; RALEY'S OF NEW
MEXICO, INC., a foreign corporation,

      Defendants-Appellees.

No. 05-2356
(D.C. No. CIV-05-408-LH)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

---

Plaintiff Peter Mambo appeals from orders of the district court granting summary judgment to defendants Larry Vehar and Raley's of New Mexico, Inc. (Raley's) and denying his post-judgment motions. Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I. Background

On October 22, 2002, plaintiff sued Raley's, his former employer, in New Mexico state court asserting one count of race/national origin discrimination under the New Mexico Human Rights Act. The parties have denominated that case *Mambo I*. Raley's moved for summary judgment in *Mambo I*, and its motion was granted on June 17, 2004. Plaintiff appealed the order granting summary judgment to the New Mexico Supreme Court, and while that appeal was pending, on December 30, 2004, he filed the instant case, also in state court. Since the parties have denominated this case *Mambo II*, we will continue with that terminology.

In *Mambo II*, plaintiff asserts a single count of discrimination under 42 U.S.C. § 1981. In addition to Raley's, he named Larry Vehar, a Raley's employee and his former manager. The factual allegations contained in the *Mambo II* complaint are identical in all material respects to those set forth in the *Mambo I* complaint. On April 11, 2005, the defendants removed *Mambo II* to federal district court and filed a simultaneous motion to dismiss, alternatively styled a motion for summary judgment. Defendants argued that plaintiff's claim in *Mambo II* was foreclosed by the state court's disposition of *Mambo I* pursuant to the doctrines of collateral estoppel and res judicata. The district court treated defendants' request as a motion for summary judgment and granted the motion on August 18, 2005. Plaintiff filed a Motion to Amend Order on August 31, 2005,

and a Motion to Request Relief From Order on September 1, 2005, both of which were denied. This appeal followed.

Since plaintiff filed his Notice of Appeal in this action, the New Mexico Supreme Court issued its decision in *Mambo I*. The court affirmed the trial court's grant of summary judgment to Raley's, holding that plaintiff's claim that he was subject to discriminatory remarks about his race and national origin was "unsupported by any record evidence," and that he "fail[ed] to show pretext or unlawful discrimination." *Mambo v. Raley's of N.M., Inc.*, No. 28,892, slip op. at 5 (N.M. Mar. 20, 2006). Mambo filed a motion for rehearing in the New Mexico Supreme Court, which was denied on April 18, 2006.

## II. Discussion

"On appeal, we review the district court's grant of summary judgment *de novo*, applying the same legal standards as employed by the district court. In doing so, we review the record in the light most favorable to the party opposing summary judgment." *B-S Steel of Kan., Inc. v. Tex. Indus.*, 439 F.3d 653, 660 (10th Cir. 2006) (quotation omitted). The familiar standard requires that summary judgment be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

*A. Summary Judgment*

Defendants' motion required the district court to consider the preclusive effect of *Mambo I* on *Mambo II* under New Mexico law. The court did so by carefully analyzing each of the elements of the doctrine of res judicata as set forth in *Myers v. Olson*, 676 P.2d 822, 824 (N.M. 1984). It found that (1) although Vehar was not a party to *Mambo I*, Raley's and Vehar were in privity for purposes of res judicata; (2) the subject matter of each suit was identical; (3) the character and capacity of the parties was the same in each suit; and (4) both suits involved the same "cause of action" for purposes of res judicata notwithstanding the technical differences between plaintiff's state and federal claims. Since all the elements of res judicata were met, the district court concluded that plaintiff's claim in *Mambo II* was precluded by *Mambo I* and therefore dismissed the case.

On appeal, plaintiff challenges primarily the district court's finding that Vehar was in privity with Raley's. He also argues that his claims in *Mambo I* and *Mambo II* were different and that there was no final judgment for purposes of res judicata because his appeal in *Mambo I* was pending when he filed *Mambo II*. We are not persuaded by plaintiff's arguments. We agree with the well-reasoned opinion of the district court that the elements of res judicata have been met under the circumstances of this case and that plaintiff's § 1981 claim is barred. Therefore, we affirm the district court's grant of summary judgment to defendants for substantially the same reasons articulated in its August 18, 2005, order.

*B. Plaintiff's Post-Judgment Motions*

Plaintiff also challenges the district court's denial of his Motion to Amend Order filed August 31, 2005, and his Motion to Request Relief From Order filed September 1, 2005. He argues that the court erred in finding his motions time-barred under Rule 59 and that he should have been permitted to file an amended complaint and sur-reply in opposition to defendants' motion for summary judgment.

While plaintiff is technically correct that his motions were timely under Rule 59(e),[1] his appeal nonetheless fails because the substantive bases of his post-judgment motions lacked merit. As a pro se litigant, the district court construed his motions in the most favorable light possible and decided them on the merits pursuant to Rule 60(b). The court concluded that its dismissal of plaintiff's claims based on res judicata was not a mistake of law because plaintiff's pending appeal in *Mambo I* did not effect the finality of the state court judgment. It also rejected plaintiff's contention that because of its disposition on

---

[1] "The ten-day period prescribed by Rule 59(e) begins to run only upon entry of a *final* judgment." *Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988). In this case, it appears that the district court never entered a separate judgment pursuant to Rule 58, and the August 18, 2005, order does not satisfy Rule 58's separate document requirement. *See Clough v. Rush*, 959 F.2d 182, 185 (10th Cir. 1992) (holding that a district court order containing detailed legal analysis and reasoning, standing alone, could not trigger appeal process). Under these circumstances, judgment was not entered for purposes of Rule 59 until 150 days after entry of the court's order in the civil docket. *See* Fed. R. Civ. P. 58(b)(2)(B).

summary judgment, *Mambo I* was not decided on the merits. The court concluded that plaintiff had failed to show extraordinary circumstances warranting relief under Rule 60(b) and that therefore, the filing of an amended complaint was not permissible.

Our standard of review is abuse of discretion, whether the district court construed plaintiff's motions pursuant to Rule 59(e) or 60(b). *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000) (Rule 59(e)); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (Rule 60(b)). In this case, plaintiff's post-judgment motions simply rehashed arguments made in response to defendants' motion for summary judgment, which we have already held was properly granted. We likewise conclude that the district court acted within its discretion in denying the post-judgment motions.

The judgment of the district court is therefore AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge